# JOHN P. LINDSEY *v.* PERSIS BREWER, THEOPHILUS GROUT, AND O. H. AUSTIN, JUDGE OF PROBATE FOR THE DISTRICT OF ORLEANS.

*Homestead. Court of Chancery, Jurisdiction of.* R. L. s. 1908. *Pleading. Married Woman.*

1. The Court of Chancery has jurisdiction in partition cases involving the homestead, when its severance would greatly depreciate the value of the residue of the premises, although proceedings are pending in the Probate Court to set out the homestead; and that there may be an equality of partition, the court will determine in its discretion the manner of granting relief, either in accordance with statute,—R. L. ss. 1908-9,—or in ordering the payment of money by one to the other owner.

2. A bill brought under section 1908, R. L., for relief, where a severance of the homestead would greatly depreciate the value of the residue of the premises, is defective, if it does not allege that the value of the property exceeds $1,000; but a bill with such defect is amendable.

3. The fact that a married woman has deserted her husband and is living separate from him at the time of his decease, does not deprive her of a homestead in his premises.

BILL IN CHANCERY. Heard on bill and demurrer thereto, February Term, 1888, POWERS, Chancellor. Decree *pro forma* that the bill be dismissed, sustaining the demurrer. The bill alleged in part: "That the said Persis Brewer now claims a homestead in said premises, and has taken measures to have a homestead set out to her by metes and bounds; but your petitioner claims and insists that the said Persis Brewer has no homestead in said premises, but if the court should determine that the said Persis has a homestead in said premises, then your petitioner insists that a severance of said homestead would greatly depreciate the value of the residue of the premises, and would be of great inconvenience to the parties interested in the residue of the homestead."

And your petitioner further says : "That commissioners were appointed by the Probate Court to set out a homestead in said premises as above stated, and in pursuance of their appointment, on the 3d day of August, 1877, repaired to said premises and set out a pretended homestead in said premises, as by the report of said commissioners on file in the office of said Probate Court."

An injunction was issued against the judge of probate enjoining him from recording the report of said commissioners. The other facts are sufficiently stated in the opinion of the court.

*Crane & Alfred* and *J. L. Edwards*, for the petitioner.

The petitioner has no adequate remedy at law, as he cannot take an appeal from the decision of the Probate Court. *Hemmenway* v. *Corey*, 16 Vt. 225, is quite analagous to this case. *Gilbert* v. *Howe*, 47 Vt. 402 ; *Swift* v. *Kenison*, 39 Vt. 473 ; *Downing* v. *Foster*, 9 Mass. 386.

The statute contemplates just such a proceeding as this. R. L. ss. 1908–9. It is manifest that a court of equity has jurisdiction of the matter in this bill. In *Chaplin* v. *Sawyer*, 35 Vt. 286, ALDIS, J., says: "It is also claimed that the Probate Court should adjudge that there was a homestead before the Court of Chancery can take cognizance of it, either to sell or assign under the act. It would be singular if the legislature had made the jurisdiction of chancery in the matter to depend on the decision of the Probate Court. There is nothing in the words of the act to show such an intent."

The statute is applicable for farm premises. *Palmer* v. *Palmer*, 50 Vt. 310. But independent of the statute, equity has jurisdiction. Thompson, Homesteads, s. 630 ; *Sulloway* v. *Brown*, 94 Mass. 36 ; *Swan* v. *Stevens*, 99 Mass. 9 ; Sisson Tate, 114 Mass. 501 ; *Lamb* v. *Mason*, 50 Vt. 345. The parties being tenants in common, the subject-matter is clearly within the province of a court of equity. 1 Story, Eq. Jur. ss. 649, 65, 655 ; *Barney* v. *Leeds*, 54 N. H. 128, 253, 279.

Lindsey *v.* Austin.

Equity has jurisdiction in cases involving the partition of real estate. *Tucker* v. *Keniston,* 47 N. H. 270; `Horn v. Tufts,` 39 N. H. 485; *Atkinson* v. *Atkinson,* 37 N. H. 437; Thompson, Homesteads, ss. 479, 583, 680; *Gunnison* v. *Twitchell,* 38 N. H. 65; *Whitten* v. *Whitten,* 36 N. H. 326; *Norris* v. *Moulton,* 34 N. H. 399. An injunction was properly granted. 2 Story, Eq. Jur. s. 875. Persis Brewer having abandoned her husband, has forfeited all right to a homestead. Thompson, Homesteads, s. 74; 8 Tex. 312; 45 Tex. 559, 588.

*C. A. Prouty* and *Theophilous Grout,* for the defendants.

Section 1914, R. L., does not apply; for this is not an application to the Probate Court; nor does section 1908; for it is not alleged that the premises exceed $1,000 in value. The Probate Court has original and exclusive jurisdiction; and a Court of Chancery has no authority to enjoin its officers. Pom. Eq. Jur. s. 1360.

But if the court has jurisdiction in this case, relief should not be granted. Parties are never restrained from proceeding in a suit at law when substantial justice can be done in that action. Pom. Eq. Jur. s. 1361. If the orator had a right to appeal from the decision of the Probate Court, he has no standing in this court. *Central Vermont R. R. Co.* v. *Royalton,* 58 Vt. 234. He had a right to appeal. R. L. s. 2270; *Byram* v. *Byram,* 27 Vt. 295. The orator has a direct interest in the decree of the Probate Court, and this gives such right.

The defendant Persis Brewer claims a homestead in these premises. She applies to the Probate Court, the only court in this State having jurisdiction of such matters, to set out that homestead. The Probate Court appoints commissioners under the statute. These commissioners make their report to the court, and the orator comes into that court and objects to the acceptance of that report. The Probate Court hears him and decides against him. Now what is there in all this that gives the Court of Chancery jurisdiction? There is no allega-

tion that the defendant has been guilty of any fraud in the matter. There is no pretense that the orator was by any improper practice deprived of the right to make a full showing before the Probate Court, or that that court refused to hear him, or that he asked for and was denied the right of an appeal, or that he had any defence of such an equitable nature that it could not be gone into before that court.

The opinion of the court was delivered by

TAFT, J. The question presented in this case is whether equity has jurisdiction of the matters alleged in the bill. We think that under our statute, Mrs. Brewer, upon the death of her husband, took a homestead in the premises in question, although it is alleged that she had deserted her husband and was living separate from him at the time of his decease. Proceedings are now pending in the Probate Court to set out the homestead, and this bill is brought setting forth that a severance of said homestead would greatly depreciate the value of the residue of the premises, and would be of great inconvenience to the parties interested in the residue of the homestead, and render them of little value; praying that the proceedings in the Probate Court be set aside and held for naught, and for further relief. The Probate Court has exclusive jurisdiction of the settlement of estates; and under R. L. s. 1914, has authority to order a homestead sold when it appears that a severance of it would greatly depreciate the value of the residue of the premises, and can so order upon the application of either the owner of the homestead or the owner of the residue.

Section 1908, R. L., provides that in case the dwelling-house, outbuildings and land not exceeding one-half acre in connection therewith, exceed in value one thousand dollars, and severance of the homestead would greatly depreciate the value of the residue, either party may apply to the Court of Chancery for relief; and the succeeding section, 1909, empowers the court to order a transfer of the interest of one party

to the other, or a sale of the property. It was held in *Palmer* v. *Palmer*, 50 Vt. 310, that the statute applied to cases where the land in connection with the homestead exceeded half an acre. The bill is defective under section 1908, in that it does not allege the value of the property named to exceed one thousand dollars; so that that statute gives the orator no aid unless the bill is amended in that respect. The orator insists that he is entitled to relief, that a court of equity has jurisdiction, without the aid of any statute.

In cases of homesteads, before they are set out, the parties owning the premises including the homestead, are not, strictly speaking, tenants in common of the premises, although they are often termed such. The interest of the widow does not extend to any part of the real estate beyond that portion of the dwelling, out-buildings and land in connection therewith to the value of five hundred dollars, and the owner of the residue has no interest in the homestead itself. The estates are distinct from each other, but the boundaries are not known. The homestead is to be carved out of the entire estate by such boundaries as under the law may be determined by the commissioners. Were the parties tenants in common a partition might be had under R. L. chap. 70, relating to the partition of real estate; but we do not regard them as tenants in common, and that chapter is not applicable. A party owning the residue of the estate in a case like the one at bar, *i. e.*, one not within the provisions of R. L. sec. 1908, must either submit to a sale of the premises under sec. 1914, or to a division of the estate under sec. 1907, and the character, condition and situation of the property may be such that a division of the estate cannot but be an unequal one and result in ruin to the owner of the residue, unless equity can seize hold of the matter and compel an equal division. Although the parties are not tenants in common, the property is such that a partition must be made of it between the respective owners, and since the time of Queen Elizabeth the partition of estates has been held a proper subject of equity jurisprudence. The doctrine

is well established in England and in this country by a long series of decisions, and it has been found of great public convenience, and as the learned Kent says, in his Commentaries, Vol. 4, page 365, " if it should appear that equal partition cannot be made without prejudice to the rights and interests of some of the parties, the court may decree compensation to be made by one party to the other for equality of partition"; and that this is the rule independent of any statute provision. Jurisdiction in the partition of estates was taken by courts of equity, although at the time, the law courts had concurrent jurisdiction, and the equity courts took jurisdiction after partition had been effected at law, where the partition was unequal or had to be corrected. 1 Spence, Equit. Juris. of the Court of Ch. 654. The reasons for such jurisdiction are well set forth in Bispham's Equity, sections 487-93 and note 3 to section 489. We are aware of no text book upon equity jurisprudence that does not admit that the matter of partition is one of the subjects of equity jurisdiction. This case is one of partition. The law courts cannot effect it with equality. Equity can. In what manner the Court of Chancery shall grant the orator relief is for that court to determine. In analogy to the statute, we think it may be in the manner provided by Rev. Laws, sections 1908–9, in respect to the estates mentioned in those sections, or by the payment of a sum by one to the other owner that will make the partition equal. We hold that the court has power to make the partition an equal one, and that, having the power, it is left to exercise it in its discretion. The demurrer should have been overruled.

Decree reversed and cause remanded.