## ALLEN PEASE, ADM'R. *v.* FRANK SHIRLOCK ET AL.

*Conveyance for future support in fraud of creditors. Administrator may recover property so conveyed. Homestead.*
*Ejectment. Equity.*

1. The administrator of a person who has conveyed his entire property to secure the support of himself and wife, without making provision for the payment of his debts, may maintain, for the benefit of the creditors, a proper action for the recovery of the same under R. L. 2162.

2. But where the property conveyed was a farm worth from $1,700 to $2,200, the buildings being of the value of from $700 to $800, in which the intestate and his wife had, at the time of the conveyance, a homestead interest, which had never been severed, ejectment is not the proper action in which to recover that undivided interest in the premises to which the creditors are entitled, and will not lie. A bill in equity is the appropriate remedy.

This was an action in ejectment brought by the administrator of William Shirlock against Frank Shirlock and William Martin. Plea, the general issue. Trial by jury at the December term, 1890, Thompson, J., presiding. Verdict and judgment for the plaintiff. The defendants except.

The demanded premises were a farm worth from $1,700 to $2,200, on which were a dwelling house and out-buildings of the value of from $700 to $800.

February 29, 1888, William Shirlock and his wife conveyed these premises by warranty deed to Frank Shirlock, who on the same day executed a mortgage to William Shirlock and his wife conditioned for their support during their natural lives. August 21, 1889, Frank Shirlock executed a mortgage of the premises to William Martin to secure the payment of a debt.

Pease, Admr. *v.* Shirlock et al.

William Shirlock died April 17, 1888, and his wife, August 11, 1890. The writ in this suit issued May 14 and was served May 15, 1890.

Immediately upon the conveyance to him Frank Shirlock entered into the exclusive possession of the premises, and so continued down to the trial, supporting William Shirlock and wife until their respective deaths.

The plaintiff claimed that at the date of the conveyance William Shirlock owed debts to the amount of about $1,200, for the payment of which he made no provision, and that the conveyance was of all his property except a small amount of personal property valued at about $81. These debts were allowed against the estate of William Shirlock, and the plaintiff brought suit as his administrator for the benefit of the creditors.

It was conceded that William Shirlock and wife had, at the time of the conveyance, a homestead interest in the premises, which had been acquired before any of these debts were contracted, and that this had never been severed down to the time of the trial.

The defendants insisted that, even if the plaintiff was entitled to recover in the premises, the action of ejectment would not lie, and moved the court to direct a verdict upon this ground. This the court declined to do, and instructed the jury that if they found the plaintiff entitled to recover at all they should find for him to recover such an undivided part as the entire value less $500 bore to the entire value. The jury found for the plaintiff to recover twelve-seventeenths.

*D. C. Denison & Son*, for the defendants.

Since the defendant, Frank Shirlock, has fully performed the condition of the mortgage by supporting William Shirlock and wife during their lives, the land is his free from any claim of creditors. *Kelsey* v. *Kelley and Wife*, Gen. Term, 1890.

Certainly the homestead is his, for that never was liable for

these debts. That never has been set out, and ejectment will not lie for the undivided remainder. The remedy, if any, is in equity. *Chaplin et al.* v. *Sawyer et al.*, 35 Vt. 286 ; *Palmer* v. *Palmer*, 50 Vt. 310 ; *Lindsey* v. *Brewer*, 60 Vt. 627.

*Hunton & Stickney*, for the plaintiff.

When one co-tenant ousts his other co-tenant and entirely prevents his enjoyment of the common property, a writ of ejectment will lie. Litt. ss. 322, 323 ; Co. Litt. 199 b.

The administrator and Frank Shirlock were tenants in common. Shirlock owned $500, being the homestead, and the plaintiff the remainder. Each had the right of immediate possession, for as to all except the homestead, the conveyance from William Shirlock was "null and void." R. L. s. 4155. Their rights were the same as tenants in common. *Castle* v. *Palmer*, 6 Allen, 401 ; *Letchford* v. *Carey*, 52 Miss. 791 ; *Swan* v. *Stevens*, 99 Mass. 9 ; *Sission* v. *Tate*, 114 Mass. 501 ; *Marsh* v. *Hammond*, 103 Mass. 150 ; *Barney* v. *Leeds*, 54 N. H. 128.

The homestead is an aliquot part of the whole. *Gary* v. *Estabrook*, 6 Cal. 457.

The opinion of the court was delivered by

TYLER, J. The defendant's counsel insisted on the trial in the court below that the plaintiff when he rested had not made a *prima facie* case, and moved for a non-suit, which motion was denied.

The first question presented by the exceptions is whether the conveyance by William Shirlock and wife of their farm to their son, the defendant Frank Shirlock, was fraudulent and void as to the grantor's creditors. The farm conveyed was worth $1,700 to $2,200, of which from $700 to $800 was in the dwelling-house and shed attached. The grantor's debts at the time of the conveyance, as subsequently shown by the report of commissioners, amounted to about $1200, for the payment of which he reserved

property to the amount of only $81. The grantor took a mortgage back, conditioned for the support of himself and wife during their lives, which support the defendant furnished. The deed and mortgage were executed Feb 29, 1888. William Shirlock died April 17th following, and his wife August 11, 1890. On the 21st day of August, 1889, Frank Shirlock executed and delivered a mortgage of the premises to William Martin, as security for a debt due from him to Martin. This action was brought May 15, 1890, by the administrator of William Shirlock in behalf of his creditors, under section 2162, R. L., which is as follows:

"When there is a deficiency of assets in the hands of the executor or administrator, and when the deceased person made such fraudulent conveyance of real estate in his lifetime, the executor or administrator. may commence and prosecute to final judgment, any proper action or suit, in law or equity, for the recovery of, and may recover for the benefit of the creditors, such real estate, and may also, for the benefit of the creditors, sue and recover for goods, chattels, rights, or credits, fraudulently conveyed by the deceased in his lifetime."

That the conveyance falls within the provision of this section, and of sections 1955 and 4155, that the deed and mortgage were fraudulent and void as to William Shirlock's creditors, and that in a proper action this administrator may recover a part of the land sufficient to pay the debts, admits of no serious doubt for the reason that the conveyance was operative to place substantially all the grantor's property beyond the reach of his creditors. That this was done with such intent on the part of the grantor, and that that intent was known to the grantee, must have been found by the jury under the charge of the court, for the exceptions state that the jury were fully instructed, and in a manner to which no exception was taken, concerning the facts they must find and the law governing the plaintiff's right of recovery. It was decided in *Crane* v. *Stickles*, 15 Vt. 252, that a conveyance of all the debtor's property without making provision for the payment of debts, was fraudulent and void as to creditors. *Prout* v. *Vaughn*, 52 Vt. 451. It is well settled that a debtor is bound to

reserve from a conveyance of this kind ample property for the payment of his debts. *Church* v. *Chapin*, 35 Vt. 223; *Foster* v. *Foster*, 56 Vt. 540; *Kelsey* v. *Kelley and Wife*, heard at the last general term and referred to by counsel, is in line with these cases.

The second question is whether, in an action of ejectment, the plaintiff could recover an undivided interest in the entire premises irrespective of the homestead.

The arguments of counsel on both sides have proceeded upon the ground that there was a homestead interest in this farm, exempt from attachment when the action was commenced, and there was no exception to the charge of the court on this subject, which was in substance that, as William Shirlock acquired title to a homestead interest, the conveyance of the same to the defendant was valid, and that he was entitled to hold the same as against his father's creditors, because if William had held the title at the time of his death his widow would have held it as against his creditors. But the plaintiff's counsel contend that by the fraudulent conveyance the plaintiff and defendant became tenants in common of the entire premises, and that as the defendant was in possession of the whole, claiming title, the plaintiff may recover in ejectment according to his right. On the other hand the defendant's counsel insists that the interests of the plaintiff and defendant in the demanded premises were not common but separate, that of the defendant being in the homestead, and that of the plaintiff in the residue of the farm; that the homestead was the defendant's absolutely, and that the administrator had no undivided interest in it, and no right of action for any interest; that the line should first have been found between the homestead and the other part of the farm, if any action of law would lie, which he denies.

It is true that until the necessity arises to sever the homestead and set it out by metes and bounds, it exists only as a right. It is not an aliquot part of the entire premises, but an inchoate

interest of the value of $500 in certain parts thereof. Sec. 1894, R. L. is as follows:

"The homestead of a housekeeper or head of a family, consisting of a dwelling-house, out-buildings, and the land used in connection therewith, not exceeding five hundred dollars in value, and used or kept by such house-keeper or head of a family as a homestead, shall, together with the rents, issues, profits and products thereof, be exempt from attachment and execution, except as hereinafter provided."

Therefore the statute locates the homestead in the dwelling-house. It makes the dwelling-house and out-buildings the homestead and exempts them from attachment if they do not exceed $500 in value. If they exceed that sum then only so much as is of the value of $500 can be set apart for that purpose. If they fall short, then land used in connection with them must be added to make up the value to $500.

In this case the dwelling-house was worth from $700 to $800, so that a part of it, suitable for a habitation, and of the value of $500, was absolutely exempt as a homestead. In that part Wm. Shirlock's creditors had no interest. Neither they nor the plaintiff, as the representative of their interests, could be tenants in common with the defendant in the homestead. *Lindsey* v. *Austin*, 60 Vt. 627. On this ground the defendant's motion for a nonsuit should have been granted.

By the terms of the statute under which this action is brought, the conveyance was fraudulent and void only as to the grantor's creditors and should be disturbed only so far as it is necessary to satisfy their claims. In a case where the estate thus conveyed was worth, say $5,000, and the debts of the grantor were but a few hundred dollars in amount, it would be a severe construction of the statute to hold the whole conveyance void. If Wm. Shirlock had owed no debts, the conveyance of his farm to his son would have been valid, and in the circumstances of this case, no reason can be assigned why the conveyance should not be held valid except as to creditors. *Bassett* v. *St. Albans Hotel Co.*, 47 Vt., 313.

Then, was the interest which the plaintiff was entitled to recover in the demanded premises such as could be reached by means of an action at law ? The statute provides that the administrator may have any proper action or suit in law or equity for a recovery of the real estate fraudulently conveyed. A case can readily be conceived of in which an action at law would be the appropriate remedy, as where the estate conveyed was unincumbered by a homestead and the whole was insufficient to pay the debts of the grantor ; but here, the homestead being uneliminated from the other real estate, we are unable to see how ejectment or any other action at law can meet the exigencies of the case. By a proceeding in equity, a part of the land, sufficient to pay the debts, could be sequestered and sold, and the title to the remainder vest undisturbed in the hands of the defendant. *Spaulding* v. *Warner*, 59 Vt. 646 ; *Lindsey* v. *Austin, supra.*

*Judgment reversed, and cause remanded.*