## In re ODERKIRK.

(District Court, D. Vermont. July 16, 1900.)

### No. 458.

1. BANKRUPTCY—PROCEEDINGS FOR SALE OF HOMESTEAD.

Where a trustee finds the homestead property of the bankrupt, which exceeds in value the homestead exemption, indivisible, he may apply to the referee for an order of sale, and it is not essential to the validity of a sale so ordered that the proceedings should be filed with the clerk of the bankruptcy court.

**2. SAME—HOMESTEAD EXEMPTION.**

Where a bankrupt made no application to retain his homestead and pay the excess in value over the statutory exemption, and no objection to an order for its sale by the referee, he cannot thereafter attack the validity of such sale; nor has he any ground for objecting to the deduction from his share of the proceeds of the value of other assets, not exempt, which he has received without objection from the trustee.

In Bankruptcy.

Harland B. Howe, for bankrupt.

WHEELER, District Judge. This is a review of the proceedings of the trustee and referee relating to the homestead exemptions. This court has jurisdiction of determining all claims of bankrupts to their exemptions. Bankr. Act, §§ 2, 11. This is a part of the jurisdiction committed to the referees on report of trustees. The proceedings are initiated by the trustee, whose duty is to set apart the exemptions. Id. § 47a, subd. 11. An inseparable homestead may be sold or assigned to one or another of the parties in interest, on conditions of payment to the others, by any court having jurisdiction. Lindsey v. Brewer, 60 Vt. 627, 15 Atl. 329; 15 Am. & Eng. Enc. Law (2d Ed.) 734. When the trustee found the property in which the homestead existed indivisible, he could only apply for an order of sale, which he appears to have done. Objection is made that the proceedings were not filed in the clerk's office, but this was not necessary. Referees are their own filing and recording officers in proceedings before themselves, and are so recognized by rule 2, General Orders in Bankruptcy (89 Fed. iv., 32 C. C. A. vii.). An order of sale appears to have been made and executed without proceedings by the bankrupt for review, or for having the property assigned to him. The exemption was thus transferred from the property to the proceeds in money. The right of the bankrupt to the amount of his exemptions in the proceeds appears to have been well provided for and secured to him. He appears to have received from the trustee, without question, other property of the bankrupt estate to the amount of $67.15; and $432.83 to have been deposited, without objection as to place, for his benefit. The avails of the exemption might not be the subject of an ordinary set-off; but reduction of a bankrupt's estate to money for distribution is not a proceeding for creation of debts to the trustee, and dues from the bankrupt for assets would be subject to control by the court, including the referee, for this purpose. The most that the bankrupt could have claimed at any time would have been the amount of his exemption in money, or to have the property assigned to him on payment of the remainder of its value. The former he now gets. The latter he did not apply for, but, rather, appears to have given the trustee and referee to understand he waived, till after the order of sale. He could have secured the property by bidding at the sale, and paying over the excess above his exemption. Proceedings affirmed.