## OKLAHOMA STATE BANK v. VAN HASSEL et ux.

No. 29942.   June 3, 1941.

*114 P. 2d 912.*

McGuire, McGuire & Reeves, and Ned Holman, Jr., all of Guthrie, for plaintiff in error.

Swank & Swank, of Stillwater, for defendant in error.

RILEY, J.   This is an action commenced by Oklahoma State Bank of Mulhall against H. V. Van Hassel and Edna Van Hassel, husband and wife, to cancel and set aside a deed executed by Anna E. Van Hassel to said H. V. Van Hassel.

The grounds relied upon for the cancellation of the deed are that on March 21, 1933, H. F. Hess, Mabel L. Hess, and Anna Van Hassel executed a note to plaintiff in the sum of $342.50, due March 21, 1934; that said note was owned by plaintiff and had never been paid; that after the execution of said note Anna E. Van Hassel conveyed the land in question to her son, H. V. Van Hassel; that the deed of conveyance purports to be for a consideration of one dollar and other sufficient consideration; that said deed was in fact executed without a fair and valuable consideration or in bad faith for the purpose of hindering, delaying, and defrauding the creditors of Anna E. Van Hassel, and particularly the plaintiff.

That after the execution of said deed, Anna E. Van Hassel died; an administrator of her estate had been appointed and that the claim of plaintiff had been presented to said administrator and allowed by him and approved by the county judge; that said administrator had failed, neglected, and refused to prosecute an action to set aside said deed, and had resigned; that there was no other property in the estate of Anna E. Van Hassel out of which said claim could be paid.

Defendants, among other defenses, pleaded statute of limitations; that the land in question was the homestead of Anna E. Van Hassel at the time she conveyed same to defendant H. V. Van Hassel, and had been such homestead for many years prior thereto; they also pleaded res adjudicata in their action to set aside said deed which had been prosecuted to final judgment in the administration of the estate of Anna E. Van Hassel, wherein a judgment denying cancellation of such deed had become final.

After both parties presented their evidence, the court found generally for defendants and entered judgment accordingly.

If there is sufficient evidence to sustain the allegation of defendants that the land in question was the homestead of Anna E. Van Hassel at the time she conveyed same to her son, the judgment must be affirmed without regard to other matters pleaded as a defense.

The uncontradicted evidence is that Bart P. Van Hassel was the husband of Anna E. Van Hassel; that he acquired title to the land in question in 1903. At that time, the family consisted of the father, Bart P.; the wife, Anna E.; and five minor children, one son and four daughters. The family moved onto the land and occupied it as their home until 1916. In the meantime, some of the children had grown to maturity. One of the daughters had married H. F.

Hess. The son, the father, and H. F. Hess, in 1916, engaged in the garage business in Mulhall. The father and his wife moved to Mulhall and lived in rented property. Shortly thereafter, December 12, 1916, Bart Van Hassel conveyed the land in question to his wife, Anna E. In a few days, thereafter, Bart Van Hassel died. Part of the time, thereafter, Anna E. lived upon the land and part of the time she rented it and lived with her children. She never acquired any other real property and had no home except upon the land in question. In 1936, while she was living with her daughter, Mrs. Hess, the daughter was taken to a hospital in Oklahoma City. Anna E. became ill and went to the home of her son, H. V. Van Hassel, who was then living on the land here involved. While living there, she executed the deed here sought to be set aside.

In her lifetime, she commenced an action to cancel the deed, but died pending the action. Thereafter, an administrator was appointed for her estate, who prosecuted the action to final judgment, which denied cancellation of the deed.

There can be no doubt but that the land here involved was the family homestead at the time it was conveyed by the husband, Bart Van Hassel, to his wife, Anna E.

Plaintiff contends that, as to Anna E. Van Hassel, the land never became a homestead because she was not the head of a family.

Section 1, art. 12, of the Constitution provides that the homestead of any family, not within any city or town, shall consist of not more than 160 acres of land, which may be in one or more parcels. Section 2, art. 12, protects the homestead from forced sale for the payment of debts except for the purchase money or part of such purchase money, taxes due thereon, or for work and material used in construction or improvement thereon.

Section 1642, O. S. 1931, 31 Okla. Stat. Ann. § 1, provides that the homestead shall consist of the home of the family, whether the title to the same shall be lodged in the husband or wife.

Therefore, the conveyance of the land by Bart Van Hassel to his wife did not affect the homestead character of the land. It continued to be the homestead of the family, notwithstanding transfer of title.

Section 1223, O. S. 1931, 58 Okla. Stat. Ann. § 311, provides that upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not be subject to administration proceedings until it is otherwise disposed of according to law.

In Greenshaw v. Brown, 96 Okla. 11, 219 P. 934, it is held the right of exemption cannot originate without the existence of a family, of a household consisting of more than one person, yet when the homestead character has once attached, it may continue for the benefit of a single individual, who is the sole surviving member of the family. That case involved the right of the surviving husband to hold the land which was the homestead of the husband and wife, after the death of the wife, title being in the husband. It was held that the homestead right continued in the husband and that the land was not subject to attachment in an action for damages for alleged felonious assault, although there was at the time only the owner claiming the homestead exemption.

In Dreyfus, Ex'r, v. Dickason, 176 Okla. 477, 56 P. 2d 881, it is held:

"A homestead may be sold and conveyed by its owner, and the purchaser will take title free and clear of all judgment liens or debts except those enumerated in section 2, art. 12, of the Constitution. And the creditor cannot complain of the action of a homesteader in conveying his homestead, whatever the consideration of such conveyance or the motive for making same may have been."

In W. T. Rawleigh Co. v. Groseclose et al., 174 Okla. 193, 49 P. 2d 1085, it is held:

"A conveyance of a homestead by the owner and occupant thereof, even though made without consideration with intent to defraud creditors, is valid against attacking general creditors who seek to set aside said conveyance as in fraud of creditors."

In Japp v. Sapulpa State Bank, 90 Okla. 56, 215 P. 1059, it is held:

"A homestead may be sold and conveyed by husband and wife jointly, and the purchaser will take title free and clear of all judgment liens or debts, except those enumerated in section 2, art. 12, of the Constitution. . . .

"And creditors cannot complain of the action of a homesteader in conveying his homestead, whatever the consideration of such conveyance or the motive for making same may have been."

Plaintiff cites Lena et al. v. Clinkenbeard, 172 Okla. 6, 44 P. 2d 2, in support of its contention. But in that case the homestead claimant was a widow with no family at the time she acquired title to the land. It was held that the land never acquired the status of a homestead.

In the instant case, the land was the homestead at the time the wife acquired the title. It did not lose its homestead character by the transfer of title. Under the authorities above cited, she had full right to convey it to her son, and her creditors have no right to complain, whatever the consideration or motive for making the conveyance may have been.

What we have said renders it unnecessary to consider the question of statute of limitations or other defenses.

The judgment is affirmed.

WELCH, C. J., and GIBSON, HURST, and DAVISON, JJ., concur.