MELVIN G. MORSE, ADMR. OF THE ESTATE OF LURETTIE MORSE, *v.* RALPH ANDREWS.

May Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 6, 1942.

*Raymond B. Daniels* for plaintiff.

*Carver & Lawson* for defendant.

MOULTON, C. J. This is a proceeding in equity, under the provisions of P. L. 2883, brought by the plaintiff as adminis-

trator of the estate of Lurettie Morse, deceased, seeking to set aside a conveyance of certain real and personal property made by the decedent shortly before her death, and alleged to have been in fraud of her creditors. The cause comes up on the plaintiff's exception to the ruling of the chancellor sustaining in part the defendant's demurrer to the bill of complaint. It has been passed to this court before final judgment in accordance with P. L. 2072 and No. 34, Acts of 1941.

The only issue presented by the exception relates to the conveyance of the real estate. These are the material allegations of the bill of complaint: Lurettie Morse, a widow, died on December 14, 1940, and at the time was indebted to various creditors. On November 12, 1940, while suffering from an illness which she knew would shortly be fatal, she executed and delivered to the defendant, her grandson, a warranty deed of her unincumbered dwelling house, of the value of $800. which was then exempt from attachment as a homestead, reserving to herself the use and possession of the granted premises during the remainder of her lifetime. On the same day the defendant executed a written instrument whereby he agreed that when he should come into possession he would rent the premises to Robert Morse and Zelma Dugar, the foster children of Lurettie Morse, for the sum equal to the taxes, insurance and necessary repairs thereon. Both the deed and the written agreement were recorded in the land records of the town of Woodbury on November 14, 1940. The deed was given without adequate consideration for the purpose of defeating the just claims of the creditors of Lurettie Morse.

■ Fraud against creditors cannot be predicated upon the conveyance of property exempt from attachment. *Wolcott* v. *Hamilton,* 64 Vt. 79, 85, 17 Atl. 39; *Leavitt* v. *Jones,* 54 Vt. 423, 427, 41 Am. Rep. 849; *Prout* v. *Vaughn,* 52 Vt. 451, 459; *Jewett* v. *Guyer,* 38 Vt. 209, 217-8; *Foster* v. *McGregor,* 11 Vt. 595, 596, 34 Am. Dec. 713; *Lynde and Morse* v. *Melvin,* 11 Vt. 683, 686, 34 Am. Dec. 717. The conveyance of a homestead, which is exempt by virtue of P. L. 2559, comes within this principle. The creditors of the grantor have no interest in the property, and cannot impeach the title of the grantee. *Darling, Admr.* v. *Ricker,* 68 Vt.

471, 473, 35 Atl. 376; *Pease, Admr.* v. *Shirlock,* 63 Vt. 622, 627, 22 Atl. 661; *Premo* v. *Hewitt,* 55 Vt. 362, 366; *Danforth* v. *Beattie,* 43 Vt. 138, 141; *Keyes* v. *Rines,* 37 Vt. 260, 264-5, 86 Am. Dec. 707. *Darling, Admr.* v. *Ricker, supra,* and *Pease, Admr.* v. *Shirlock, supra,* are like the present case in that the proceedings were brought by the administrators of the grantors for the benefit of creditors under R. L. 2162, now P. L. 2883. Our decisions above cited are in accord with the great weight of authority in other jurisdictions. *Brennecke* v. *Riemann,* (Mo.), 102 SW (2d) 874, 109 A. L. R. 1214, 1219; *Terry* v. *Shaeffer,* 239 Ala. 264, 194 So. 502, 503; *Legro* v. *Lord,* 10 Me. 161, 165; *Citizens Nat. Bank* v. *Turner,* 89 Fed. (2d) 600, 601; *Oklahoma State Bank* v. *Van Hassell,* 189 Okla. 48, 114 Pac. (2d) 912, 914; and see cas. cit. note Ann. Cas. 1917 C 994-998; 24 Am. Jr. tit. "Fraudulent Conveyances" para. 109, p. 260 and cas. cit. The few cases to the contrary, which the plaintiff cites, are in the small minority and we do not follow them.

■ An inadequacy or even lack of consideration does not affect the validity of a conveyance of a homestead as against the creditors of the grantor. *Premo* v. *Hewitt,* 55 Vt. 362, 366; *Keyes* v. *Rines,* 37 Vt. 260, 264-5; *Sieg* v. *Greene,* 225 Fed. 955, Ann. Cas. 1917C. 1006, 1009; *Oklahoma State Bank* v. *Van Hassell,* 189 Okla. 48, 114 Pac. (2d) 912, 914; and see cas. cit. note Ann. Cas. 1917C. 1000. The owner of a homestead is under no obligation to keep it until his death, so that his creditors may then reach it, or, if he disposes of it in his lifetime, to sell it for value or obtain for it something which his creditors can reach. "He may give it away, if he desires, or he may dispose of it . . . in return for a promise to support, or some other contract or agreement not of a nature to benefit his creditors or be reachable by them, and he does not thereby defraud his creditors." *Schuler* v. *Johnson,* 63 S. D. 542, 261 N. W. 905, 907.

■ And so also the existence of an intent to place the property beyond the grasp of creditors does not vitiate the conveyance. *Pease, Admr.* v. *Shirlock,* 63 Vt. 622, 625, 22 Atl. 661; *Premo* v. *Hewitt,* 55 Vt. 362, 366; *Kennedy* v. *First Nat. Bank,* 107 Ala. 170, 18 So. 396, 36 L. R. A. 308, 310; *Morgan* v. *Stearns,* 41 Vt. 398, 408; *Parker* v. *Riddell,* 41 Cal. App. 908, 108 Pac. (2d) 88, 91; *Haight* v. *Reynolds,* 257 Mich. 11, 239 N. W. 880,

881-2; *Citizens Nat. Bank* v. *Turner,* 89 Fed. (2d) 600, 601; *Oklahoma State Bank* v. *Van Hassell,* 189 Okla. 48, 114 Pac. (2d) 912, 914; and see cas. cit. note Ann. Cas. 1917C. 1000.

The allegations of the bill of complaint bring the cause within the operation of the principles we have mentioned. There was no error in the ruling below.

*Judgment affirmed and cause remanded.*