FILTSCH v. CURTIS et al.

No. 33659.   April 11, 1950.

Rehearing Denied July 17, 1951.

*234 P. 2d 377.*

P. D. Erwin, Chandler, for plaintiff in error.

Embry & Sutton, Chandler, for defendant in error.

ARNOLD, V.C.J.  This is a suit in equity commenced by Fannie Filtsch against George W. Curtis and George W. Curtis, as administrator of the estate of Mary R. F. Curtis, formerly Barber, deceased, to enforce a judgment claimed to be a lien against certain real estate and premises of which the decedent died seized and possessed.

It appears from the record that F. E. Barber and his wife, Mary R. F. Barber, occupied as a home certain lots in the city of Chandler, the title to which was vested in F. E. Barber.  In September, 1931, F. E. Barber by warranty deed conveyed this property to his wife Mary R. F. Barber, and after the husband's death, the date thereof not being shown, Mrs. Barber continued to occupy this property until February, 1942. In July, 1941, Fannie Filtsch obtained a judgment in the district court of Lincoln county against Mrs. Barber in the principal sum of $762.09, which judgment has never been satisfied.  It further appears from the record that Mrs. Barber had no other property than this and that her only source of income was from the old age pension fund of the state.  The taxes on this property had accumulated in excess of $900 and she was about to lose the property through sale for taxes.  In February, 1942, she conveyed this property to one Jesse Berry who paid the taxes thereon and paid her the balance of the purchase money by check which she deposited in the Union National Bank of Chandler.  Thereafter, in May, 1942, she purchased from one Bridge the property involved in this action with the proceeds from the sale of her home and immediately entered upon and began to occupy the same as her home, same being described as the south half of lot 3 and all of lot 4, block 63, in the original city of Chandler according to the recorded plat thereof.  In July, 1944, Mary R. F. Barber became the wife of George W. Curtis and the property above described was occupied by them as their home continuously until her death March 31, 1945.  George W. Curtis was duly appointed administrator of the estate of his deceased wife and has continued to use and occupy these premises as his home since her death and claims that the same constitutes his homestead.  He remarried in November, 1946.  Plaintiff presented her claim to the administrator within the time prescribed by statute after his appointment and qualification and the same was disallowed.

No suit was brought to establish the claim represented by the judgment as provided by 58 O. S. 1941 §339.  Instead, this suit was brought alleging the death of the judgment debtor; the appointment and qualification of the administrator; the entry of the judgment on the 11th day of July, 1941; the revivor thereof on the 10th day of July, 1946;  the purchase of the property herein sought to be subjected to the lien of the judgment on the 18th day of May, 1942, by defendant; that the title remained in her name until her death; that the death prevented issuance of execution; notice to creditors

by the administrator; presentation of claim based upon the judgment; that plaintiff is entitled to have the real estate subjected to the payment of the judgment lien; and insufficiency of assets belonging to said estate to satisfy the amount due plaintiff. Plaintiff prayed that said real estate be subjected to the payment of the judgment.

The defendants by joint answer admit the purchase of the premises described in the petition by Mrs. Barber; admit the filing and disallowance of the claim; and the insufficiency of the assets to pay plaintiff's claim. They admit that Mrs. Curtis, formerly Barber, was the owner at the time of her death of the property here involved, but in this connection they allege that Mrs. Curtis sold her former homestead for the purpose of buying another home and purchased the property here involved with the proceeds of the sale of the former homestead. They allege the marriage of Mrs. Barber and George W. Curtis in 1944 and their occupancy of the property as their homestead until the death of Mrs. Curtis. Judgment was rendered by the trial court in favor of the defendants on their cross-petition quieting title and against plaintiff.

The defendants raise no other issues in their brief than those raised by the plaintiff in error. They are apparently content merely to answer the argument made by plaintiff, and for this reason we confine this opinion to a determination of the questions presented by the plaintiff in error in her brief.

For reversal of this judgment plaintiff first contends that a surviving husband is an incompetent witness to establish or disprove either an express or implied contract against the wife's estate.

A careful reading of the testimony of George W. Curtis discloses that he gave no testimony relating to any transaction had with or communication from his deceased wife relating to the subject matter of this suit. Every material fact to which he testified related to matters which are of record and which records were introduced in evidence. None of his testimony was incompetent under 12 O.S. 1941 §384. His testimony was not against or in behalf of his wife and for this reason he was not an incompetent witness under 12 O. S. 1941 §385. We find nothing in the record which gives substance to this claim of plaintiff that defendant was either an incompetent witness or that the testimony which he gave was incompetent.

The plaintiff takes the position that the judgment became a lien on the property in block 63 when it was purchased by Mrs. Barber in 1942, because she was unmarried and had no right to a family homestead.

It is disclosed by the record that F. E. Barber conveyed the property in block 47 to his wife by warranty deed in 1931, so that thereafter and at the time of his death the fee-simple title was vested in her. It was exempt from the claims of creditors by reason of the provisions of article 12 of the Constitution and the provisions of 31 O. S. 1941 §1.

In the case of Bowers et al. v. Gardner, Adm'r, 122 Okla. 26, 250 P. 490, the first paragraph of the syllabus reads:

"The exemption laws and the laws pertaining to the homestead rights of a surviving spouse constitute two distinct policies of the state, and should not be confused in determining the rights of a party under either policy. The exemption laws are intended as a protection to the head of a family, against creditors only, while the homestead right, given to a surviving spouse, to occupy and live upon the homestead, is intended to protect such survivor against all persons, except holders of expressly enforceable liens, during her lifetime or until voluntarily waived by such survivor."

In the case of Oklahoma State Bank v. Van Hassel, 189 Okla. 48, 114 P. 2d 912, a case in which the title was trans-

ferred by the husband to the wife as in this case, we held, referring to the constitutional provision, 31 O. S. 1941 §1, and 58 O. S. 1941 §311, the property constituted a homestead and said:

"The homestead right, with its exemptions from forced sale, cannot originate without the existence of a family consisting of more than one person; yet when the homestead character has once attached, it may continue for the benefit of a single individual who is the sole surviving member of the family."

To the same effect is the case of Greenshaw v. Brown, 96 Okla. 11, 219 P. 934.

It is apparent from the record that when Mrs. Barber sold and conveyed this property to Jesse Berry in 1942, the conveyance thereof was of her fee-simple title and the homestead exemption right provided by the Constitution and statute and was not the sale of her probate homestead right, if any existed, of mere possession and occupancy. The proceeds from the sale of this constitutional and statutory homestead, like the homestead right itself, were exempt from the claims of creditors if the intention of Mrs. Barber was to acquire another home from the proceeds of such sale. That such was her intention may be fairly inferred from the fact that within a reasonable time after closing this transaction she did use the proceeds thereof for the purchase of the property involved in this action which she immediately occupied as a home and continued to so occupy it until her death and the circumstances making it imperative that she sell the home. In the case of Field v. Goat, 70 Okla. 113, 173 P. 364, the first and second paragraphs of the syllabus read:

"The exemption laws of this state are to be liberally construed in favor of the exemption."

"The exemption of the homestead of the family, provided in article 12 of the Constitution, extends to the proceeds of a voluntary sale of such homestead which are in good faith intended, at the time of such sale, to be invested in another homestead, and such proceeds are exempt from seizure by process of garnishment for debts not within the exceptions provided in article 12 of the Constitution."

See, also, State ex rel. Freeling, Attorney General, v. Brown et al., 92 Okla. 137, 218 P. 816, where the syllabus is in the same language.

Upon the facts disclosed by this record and the language of these applicable statutes and decisions, we think it is clear that the exemption from forced sale which attached to the property occupied by F. E. and Mary Barber with the continued occupancy by Mary after his death persisted when the circumstances and conditions forced her to protect her exemption right by conveying this property with the intention of using the proceeds to purchase a less expensive home. Of course, when she conveyed the fee-simple title to her homestead, she voluntarily waived and abandoned her right of occupancy thereof as a probate homestead if any existed. The right of possession and occupancy of a probate homestead, as stated in plaintiff's third proposition, is inalienable—not so, the constitutional homestead with its exemption.

The finding and determination of the trial court that the property herein involved was the homestead of Mary Barber, which inheres in the judgment, is not clearly against the weight of the evidence.

Our conclusion that the property here involved was the homestead of Mary Barber and exempt from the lien of the judgment of plaintiff during her lifetime makes it unnecessary to discuss the other proposition of plaintiff that Mr. Curtis had no probate homestead rights in the property.

Judgment affirmed.

DAVISON, C. J., and WELCH, HALLEY, JOHNSON, and O'NEAL, JJ., concur. CORN, GIBSON, and LUTTRELL, JJ., concur in result.

On Rehearing.

HALLEY, J. (dissenting). Our attention has been called by the plaintiff in error, in her petition for rehearing, to the fact that she pleaded and proved in this case her disallowed claim, and by virtue of such she was entitled to a judgment against the administrator of the estate of Mary R. F. Curtis for the amount of the judgment obtained against said Mary R. F. Curtis, then Barber, in the district court of Lincoln county on July 11, 1941, for the principal sum of $762.09 and interest, attorney fees and costs. I am of the opinion that her petition was broad enough to entitle her to that relief, and that the same was sustained by her proof. I think it is error not to give her a judgment against the administrator, and I dissent from the majority opinion in its failure to do so.