**In re Jeff GEORGE and Gina George, Debtors.**

**Bankruptcy No. 95–03996–C.**

United States Bankruptcy Court, N.D. Oklahoma.

July 29, 1996.

---

James Conrady and Laurence Donahoe, Okmulgee, OK, for Debtors.

Scott P. Kirtley, Tulsa, OK, for Trustee.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

This matter came on to be heard upon the motion of the Trustee, Scott P. Kirtley, requesting that debtors Jeff George and Gina George ("Debtors") turn over property of the estate pursuant to 11 U.S.C. § 542 and Federal Rule of Bankruptcy Procedure 7001. This Court, having conducted a full and complete evidentiary hearing on May 8, 1996, having examined the documentary evidence, having heard the arguments of counsel, and now being fully advised in the premises, hereby finds as follows:

## STATEMENT OF FACTS

Debtors filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 19, 1995. Debtors are a married couple with two minor children residing in their household. Debtors received an income tax refund for tax year 1995 in the amount of $3,111.00. Of the $3,111.00 refund, only $1.00 is a return of withheld wages and $3,110.00 is an earned income tax credit.

Scott P. Kirtley is the duly appointed, qualified and acting trustee (the "Trustee") of this bankruptcy estate.

## CONCLUSIONS OF LAW

The first issue before the Court is whether Debtors' earned income tax credit is property of the estate pursuant to § 541 of the Bankruptcy Code. Section 541 provides in part as follows:

> (a) The commencement of a case ... creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) [A]ll legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1). Pursuant to these provisions, an earned income tax credit is property of the estate. *In re Goldsberry*, 142 B.R. 158, 159 (Bankr.E.D.Ky.1992); *In re Buchanan*, 139 B.R. 721, 723 (Bankr.D.Idaho 1992); *In re Davis*, 136 B.R. 203, 205 (Bankr.S.D.Iowa 1991). The Court in *In re Davis* analyzed the nature of an earned income credit as follows:

> An earned income credit is a refundable tax credit provided for low income workers who have dependent children and maintain a household. The credit is based on earned income which includes wages, salaries, and other employee compensation, plus earnings from self-employment. *See* 26 U.S.C. Sec. 32 (1988). The earned income credit is a refundable credit that is treated as a payment of tax. The credit is refunded as if it were part of a tax overpayment. 26 U.S.C. Sec. 6401(b)(1988).

> \* \* \* \* \* \*

> This Court is persuaded that an earned income credit constitutes property of the estate. Section 541(a)(1) was intended to be broad in scope and it encompasses property needed by a debtor to ensure a "fresh start." ... If an individual meets the eligibility requirements set forth in 26 U.S.C. Sec. 32, he or she may file a tax return in order to recover the earned income credit and in some cases may seek advance payment of the credit. The debtor clearly has an interest in the credit and it is property of the estate. Sec. 541(a)(1).

*In re Davis*, 136 B.R. at 205. *See Kokoszka v. Belford*, 417 U.S. 642, 648, 94 S.Ct. 2431, 2435, 41 L.Ed.2d 374 (1974); *Segal v. Ro-*

**62**

*chelle,* 382 U.S. 375, 380, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966) (cases holding that a tax refund is property of the estate).

■ The next issue is whether Debtors can claim the earned income tax credit as exempt property. Oklahoma statues provide an exhaustive list of property that debtors may claim as exempt from the claims of creditors. *See* 31 O.S., 1996 § 1.

Oklahoma statutes do not include a specific exemption for a public assistance benefit. However, 31 O.S., 1996 § 1(A)(19) provides an exemption for "alimony, support, separate maintenance or child support payments." Paragraph 19 provides:

> 19. Such person's right to receive alimony, support, separate maintenance or child support payments to the extent reasonably necessary for the support of such person and any dependent of such person[.]

31 O.S., 1996 § 1(A)(19). Ordinarily, payments for alimony, support, maintenance, or child support would arise from a divorce decree. However, the statute does not limit the exemption to payments arising from a divorce decree. In addition, the Oklahoma Supreme Court has held that Oklahoma exemption statutes are to be construed broadly. *Filtsch v. Curtis,* 205 Okla. 67, 70, 234 P.2d 377, 380 (1950) (*citing Oklahoma ex rel. Freeling v. Brown,* 92 Okla. 137, 140, 218 P. 816, 819 (1923) & *Field v. Goat,* 70 Okla. 113, 114, 173 P. 364 (1918)).

■ As stated above, the purpose of the earned income tax credit is to provide support for low income workers who have dependent children and maintain a household. An earned income tax credit is in the nature of a payment for the support of a family with dependent children. These types of payments are exempt from the claims of creditors "to the extent reasonably necessary for the support of such person and any dependent of such person" under Oklahoma law. This Court finds that the earned income tax credit in this case is reasonably necessary for the support of Debtors and their dependent children. Accordingly, Debtors' earned income tax credit is exempt from the claims of creditors and exempted from the Debtors' bankruptcy estate.

The Court will enter a separate judgment order consistent with this Memorandum Opinion.