## In re Paul David RUTTER and Christine Marie Rutter, Debtors.

Bankruptcy No. 696–61457–aer7.

United States Bankruptcy Court,
D. Oregon.

Jan. 7, 1997.

Candace Amborn, Klamath Falls, OR, for Debtors.

Michael R. Spencer, Klamath Falls, OR, for Trustee.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court upon the trustee's objection to the debtors' claim of exemption in certain state and federal tax refunds.

### BACKGROUND

The pertinent facts are undisputed. The debtors filed their voluntary petition for re-lief herein, pursuant to Chapter 7 of the Bankruptcy Code, on April 9, 1996.

Debtors are married with two dependent children. In 1995 they had a total income of $15,424. They were eligible for a state tax refund of $276 and a federal refund of $2,680. The federal refund consisted of $406 in true tax overpayments and $2,274 in Earned Income Credit (EIC).

Debtors claim $788.07 of the refunds as part of their two "k" exemptions, presumably allocated as $276 (state refund), $406 (federal "true" overpayment) and $106.07 (portion of EIC). They have also claimed the full EIC as exempt under ORS 411.760 or ORS 23.160(1)(i).

The trustee maintains that the EIC may not be claimed as exempt under either ORS 411.760 or ORS 23.160(1)(i). In the alternative, the trustee maintains that if the EIC may be properly claimed as exempt, that the so-called "k" exemption provided by ORS 23.160(1)(k) is not available since that exemption may not be used to increase any other exemption.

The debtors argue that the tax refunds should be looked at as separate assets, those refunds generated by a true overpayment in 1995 taxes to which the "k" exemption may be applied and the EIC which is not a refund of a tax overpayment. Thus, both exemptions should be applied.

### ISSUES

This court must first determine whether or not the EIC portion of the debtors' federal tax refund may be properly claimed as exempt. If so, this court must then determine whether or not the debtors may apply the "k" exemption to the non EIC portion of their federal and state tax refunds.

### DISCUSSION

#### The EIC.

The EIC is provided for pursuant to 26 U.S.C. § 32.[1] The Supreme Court has dis-

1. 26 U.S.C. § 32(a)(1) In general.—In the case of an eligible individual, there shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the credit percentage of so much of the taxpayer's earned income for the taxable year as does not exceed the earned income amount.

cussed both the nature of and the congressional purpose behind the enactment of the EIC in *Sorenson v. Secretary of the Trea sury*, 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986). There, the Supreme Court observed:

> Unlike certain other credits, which can be used only to offset tax that would otherwise be owed, the earned income credit is "refundable". Thus, if an individual's earned income credit exceeds his tax liability; the excess amount is "considered an overpayment" of tax under section 6401(b), ... Subject to specified setoffs, § 6402(a) directs the Secretary to credit or refund "any overpayment" to the person who made it. An individual who is entitled to an earned income credit that exceeds the amount of tax he owes thereby receives the difference as if he had overpaid his tax in that amount.

475 U.S. at 854–855, 106 S.Ct. at 1603–1604.

In discussing the Congressional purpose behind the enactment of the EIC, the Supreme Court stated:

> The earned income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security Taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low income families hurt by rising food and energy prices.

475 U.S. at 864, 106 S.Ct. at 1608–1609.

It is noteworthy that one need not have dependent children or a "qualifying child" in order to be eligible to receive an EIC although the EIC is much higher for families having two or more qualifying children than for those households without a qualifying child.

### The EIC as Exempt.

In *Sorenson, supra,* Mr. Sorenson was legally obligated to make child support payments for the benefit of a child of his previous marriage, in the custody of his former wife. Mr. Sorenson had fallen behind in his child support payments because of disability and unemployment. As his former wife had applied for welfare benefits from the State of Washington, her rights to the child support had been assigned to that state.

The Supreme Court noted that the Internal Revenue Code and the Social Security Act direct the Secretary of the Treasury to intercept certain tax refunds payable to persons who have failed to meet child support obligations. Mr. Sorenson and his current wife were eligible to receive an EIC. The current Mrs. Sorenson brought a class action seeking a declaration that the tax intercept provisions could not reach a refund attributable to the EIC.

After discussing the competing policies at stake, the Supreme Court noted that: "The refundability of the earned income credit is ... inseparable from its classification as an overpayment of tax." 475 U.S. at 859, 106 S.Ct. at 1606. The court further found that Congress had not provided for an exemption in favor of the EIC from the tax refund intercept law and held that the EIC could be intercepted on behalf of the State of Washington. It therefore, appears that there is no federal exemption applicable to the EIC, any such exemption must be found under Oregon law.

26 U.S.C. § 32(c)(1)(A) In general.—The term "eligible individual" means—

(i) any individual who has a qualifying child for the taxable year, or

(ii) any other individual who does not have a qualifying child for the taxable year, if—

  (I) such individual's principal place of abode is in the United States for more than one-half of such taxable year,

  (II) such individual (or, if the individual is married, either the individual or the individual's spouse) has attained age 25 but not attained age 65 before the close of the taxable year, and

  (III) such individual is not a dependent for whom a deduction is allowable under section 151 to another taxpayer for any taxable year beginning in the same calendar year as such table year.

(C) 2 or more eligible individuals.—If 2 or more individuals would (but for this subparagraph and after application of subparagraph (B)) be treated as eligible individuals with respect to the same qualifying child for taxable years beginning in the same calendar year, only the individual with the highest adjusted gross income for such taxable years shall be treated as an eligible individual with respect to such qualifying child.

**O.R.S. 411.760.**

■ Many states exempt "public assistance" or "general assistance" benefits. Most courts which have considered the issue have found the EIC exempt under these statutes. *See e.g., In re Brown,* 186 B.R. 224 (Bankr.W.D.Ky.1995) (exempt as "public assistance" under Kentucky law); *In re Murphy,* 99 B.R. 370 (Bankr.S.D.Oh.1988) (exempt as "poor relief payment" defined by statute as "general assistance" under Ohio law, later repealed); *In re Jones,* 107 B.R. 751 (Bankr.D.Id.1989) (exempt as "public assistance" under Idaho law); and *In re Davis,* 136 B.R. 203 (Bankr.S.D.Iowa 1991) (exempt as "local public assistance" under Iowa law).

Oregon likewise exempts "general" and "public assistance". The exemption is found in ORS 411.760 which provides as follows:

> All monies granted under the provisions of ORS 411.060, 411.070 and 411.710–411.730 shall be inalienable by any assignment or transfer and shall be exempt from garnishment, levy or execution under the laws of this state.

A close review of the statutes referred to in ORS 411.760, namely, ORS 411.060 and 411.070 as to "public assistance", and ORS 411.710–ORS 411.730 as to "general assistance" make it clear that only those funds granted by the Oregon Adult and Family Services Division of the Department of Human Resources are exempt pursuant to ORS 411.760.[2]

In contrast, for example, the court in *Brown* interpreted the Kentucky statute dealing with public assistance as defined by KRS 205.010(3) which states:

**2.** The statutes provide, in pertinent part as follows:
ORS 411.710 Basis for granting general assistance.
(1) General assistance shall be granted *in accordance with the rules and regulations of the division* ... (emphasis added);
ORS 411.730 Application for general assistance; determination of eligibility and amount of grant.
The Adult and Family Services Division shall receive all applications for general assistance, and shall determine in accordance with its rules and regulations the eligibility for and the amount of the assistance which any person shall receive.

"Public assistance" means "money grants, assistance in kind or services to or for the benefit of the needy aged, needy blind, needy permanently and totally disabled persons, needy children, or persons with whom a needy child lives or a family containing a combination of these categories ..."

186 B.R. at 226.

Thus, it appears that the Oregon Statutory scheme is more restrictive. In addition, at least in dicta, the district court for this district has observed that there is no exemption under Oregon law. *See In re Ott,* Civ. # 94–6355 (D.Or. 2/3/95) (Hogan, C.J.) (unpublished). It does not appear that ORS 411.760 may be used by the debtors to exempt their EIC.

**O.R.S. 23.160(1)(i)**

■ ORS 23.160(1)(i) (hereafter, subsection (i)) exempts:

> Spousal support, child support, or separate maintenance to the extent reasonably necessary for the support of the debtor and dependent of the debtor.

Debtors argue that the EIC is "child support" within subsection (i), contending that the EIC's primary purpose is to pay expenses related to supporting a child. The trustee argues that "child support" only refers to an obligation within the area of family law where one party is the "obligor" and the obligation arises from the parties' relations with each other. He notes subsection (i) does not refer to payments "in the nature of" child support.

ORS 411.060 Division as state agency for public assistance.
Subject to ORS 417.300 and 417.305, the Department of Human Resources through the Adult and Family Services Division shall administer and supervise all public assistance programs and adopt and enforce such rules as are necessary to assure full compliance with the terms of federal and state laws.
ORS 411.070 Statewide standards for public assistance.
The Adult and Family Services Division shall by rule fix statewide uniform standards for all public assistance programs and effect uniform observance thereof throughout the state ...

This court has found one case to support the debtors' contention. *See In re George,* 199 B.R. 60 (Bankr.N.D.Ok.1996). The *George* court determined that, (under an Oklahoma statute similar to the Oregon statute cited above), the EIC could be claimed exempt as child support. There, the court noted:

> Ordinarily, payments for alimony, support, maintenance or child support would arise from a divorce decree. However the statute does not limit the exemption to payments arising from a divorce decree. In addition the Oklahoma Supreme Court has held that Oklahoma exemption statutes are to be construed broadly. (citations omitted).

> As stated above, the purpose of the earned income credit is to provide support for low income workers who have dependent children and maintain a household. An earned income tax credit is in the nature of a payment for the support of a family with dependent children. These types of payments are exempt from the claims of creditors "to the extent reasonably necessary for the support of such person and any dependent of such person" under Oklahoma law.

199 B.R. at 62.

The trustee notes that nothing in the Oregon statute can be construed to contemplate that any payment that may be used for the benefit of children qualifies as exempt. The trustee observes that if that were so, any payments that could go to the support of a child, including all of a person's wages, could be claimed as child support and hence exempt pursuant to subsection (i).

ORS Chapter 23 does not define the terms "spousal support, child support, or separate maintenance". The terms are, however, defined in the Oregon Administrative Rules pertaining to the Adult and Family Services Division. There, we find that the terms "support" and "child support" are defined in OAR 461–195–001(28) as follows:

> "Support" means cash payments or other benefits that a person has been ordered by a court or by administrative process, or has voluntarily agreed, to provide for the benefit and maintenance of another person:

> (a) "Child Support" refers to payments that an obligor has been ordered (or has agreed) to pay for the benefit of a child;

> (c) "Spousal Support" refers to payments that an obligor has been ordered (or has agreed) to pay for the benefit of a current or former spouse.

"Obligor" is defined in OAR 461–195–001(23) as follows:

> "Obligor" means any person who is required (or has agreed to pay) child support, spousal support, alimony and/or medical support under an administrative process order, court order, or voluntary agreement. The obligor is usually the absent non-custodial parent of the beneficiary children under a support order.

It is clear from reading the definitions of support contained in the Oregon Administrative Rules that the rationale of the *George* court does not apply in Oregon. The EIC cannot be considered to be "spousal support", "child support", or "separate maintenance". Again, the district court has noted in *Ott, supra,* that no such exemption for the EIC exists under Oregon law.

**O.R.S. 23.160(1)(k).**

Having concluded that the EIC may not be claimed as exempt under either ORS 411.760 or ORS 23.160(1)(i), it follows that the debtors may claim their exemption provided by ORS 23.160(1)(k) in any or all of the tax refunds. Based upon a review of the schedules it appears that the debtors have an exemption of $788.07 available for this purpose. The balance of $2,167.93 is non-exempt and must be turned over to the trustee.

This opinion contains the court's findings of fact and conclusions of law, they shall not be separately stated.