Treat v. Wilson.

---

## M. J. R. TREAT v. HILL P. WILSON.

No. 12,565. (70 Pac. 893.)

SYLLABUS BY THE COURT.

1. JUDGMENT—*Action to Recover Second Judgment—No Necessity for Execution or Revivor.* An action can be commenced and maintained on a domestic judgment to recover a second judgment thereon, if such action is begun before the judgment upon which the action is brought becomes dormant. While such action is pending, there is no necessity for the issuance of an execution on the judgment, or for obtaining a revivor of the judgment, in the method prescribed by the statute, to preserve the cause of action. The pendency of the action preserves the vitality of the judgment as a cause of action.

2. HOMESTEADS AND EXEMPTIONS—*Judgment for Value of Exempt Property.* A judgment obtained for the value of exempt personal property, seized and sold on execution, takes the place of the exempt property and is exempt. A set-off against such exempt judgment in the hands of the original judgment creditor will not be permitted.

Error from Ellis district court; LEE MONROE, judge. Opinion filed December 6, 1902.   Affirmed.

*A. D. Gilkeson,* for plaintiff in error.

*John E. Hessin,* and *Gleed, Ware & Gleed,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : This was an action brought by Wilson against Treat to recover a judgment on a judgment. The facts are substantially as follows : In 1892 the Keene Five Cent Savings Bank recovered a judgment in the federal court against the Brunswick Hotel Company, the plaintiff, defendant, one Adkins, and others. An execution was issued on this judgment and levied on a span of horses belonging to Wilson as the property of Adkins.   The horses were sold under this execution and purchased by defendant at the execution sale.   Thereupon, plaintiff brought his action against defendant in the nature of replevin, without bond, and on the 20th day of May, 1893, recovered a judgment of $550 as the value of the horses, and fifty dollars damages for their detention.   On the 23d day of May, 1893, and before this judgment had been superseded, an execution was issued thereon, and on the same day defendant enjoined the levy of the execution.   This injunction was dissolved.   Supersedeas bond was filed and the original judgment superseded.   Proceedings in error were prosecuted by defendant to the court of appeals, in the original case and injunction proceedings.   Both cases were affirmed by that court.   While such proceedings in error were pending in the court of appeals defendant purchased a note made by plaintiff and secured judgment thereon against plaintiff. This present action on the judgment was commenced on the 21st day of May, 1898.

Treat v. Wilson.

Among other things, it was alleged in the petition that the judgment on which the action was brought was obtained for the value of exempt property. The defense made was that the judgment on which the action was brought was dormant at the date of the institution of the action, and by way of set-off the judgment obtained by defendant against plaintiff was demanded. The case was tried to the court without a jury. There was judgment for plaintiff, and defendant brings error.

At the June session of this court an opinion was filed (not reported) reversing the judgment of the trial court and directing a dismissal of the action, on the authority of *Reeves v. Long*, 63 Kan. 700, 66 Pac. 1030, and *Smalley v. Bowling*, 64 id. 818, 68 Pac. 630. Thereafter, a petition for rehearing was filed and granted. The case is now before us on the rehearing.

The first question for our determination is, Do the cases relied on in our former opinion conclude plaintiff from a recovery? The case of *Reeves v. Long*, supra, arose on an application to revive a dormant judgment under the statute. In the case at bar no question of revivor arises for our consideration. The action was simply one on a judgment to recover a second judgment thereon. The judgment on which the action was brought was not dormant when the action was commenced. Execution might have issued thereon for its collection, but the remedy, by issuance of execution, was wholly inadequate to establish the character of the judgment as one for exempt property. A proceeding under the statute to revive the judgment did not lie, for the reason that the judgment was not dormant, and hence could not then be revived. For this reason the case of *Reeves v. Long* has no application here.

The case *Smalley v. Bowling*, supra, was an action on a dormant domestic judgment, brought for the

purpose of recovering a second judgment thereon. It was sought to avoid the statute of limitations in that case and to maintain the action on the ground that the judgment debtor had at all times since its rendition been a non-resident of the state and absent therefrom. This contention was denied for the reason therein stated, that the judgment was dormant by reason of the failure of plaintiff to keep it alive by the issuance of execution or revivor proceedings ; and, in consequence, it was held that no action thereon could be maintained.

The case at bar is distinguishable from that case in this, that there the judgment was dormant, and no execution could issue to enforce its collection. Nor, under previous decisions of this court, could a revivor be had on application based upon the statute. Here, however, the judgment is not dormant, and execution could have issued at the date of the commencement of this action. A revivor by application under the statute was wholly unnecessary and could not be had. A review of the authorities convinces us that the case of *Smalley v. Bowling* does not control ; that the action was brought within time and can be maintained. As the judgment was not dormant when the action was brought, it is elementary and axiomatic that no statute of limitations, or other statute, can intervene during the pendency of the action to prevent a recovery, and that the pendency of the action on the judgment obviated the necessity of the issuance of an execution on the judgment or other proceedings to preserve its vitality as a cause of action.

The only remaining question is the right of defendant to set off his judgment against the judgment of plaintiff. This right was denied by the trial court. It is

claimed that the court erred.   It will be remembered that the judgment on which plaintiff grounds his right of recovery was alleged in the petition to have been obtained for the value of property exempt to him, taken on execution.   Ample proof of this fact was made at the trial.   Can the defendant have his judgment set off against such judgment?   Clearly not.   It was shown that the span of horses taken on execution were exempt to plaintiff and could not have been seized on execution or on other legal process for the collection of plaintiff's debt when taken.   The judgment recovered by plaintiff was for the value of this exempt property.   The judgment so obtained stands in the place of the property and is exempt to plaintiff.   As defendant could not have seized the horses exempt to plaintiff on execution issued for the enforcement of his judgment if they had remained unsold, because they were exempt, he cannot, by way of set-off in this action, or other legal proceeding, seize and apply the judgment obtained by plaintiff as the owner of such exempt property.   (*Beckham v. Manlove*, 18 Cal. 388; *Reynolds et al. v. Haines*, 83 Iowa, 342, 49 N. W. 851, 13 L. R. A. 719, 32 Am. St. Rep. 311.)   The set-off demanded was properly disallowed.

A motion filed to make the petition definite and certain, by attaching thereto a copy of the judgment in action, was overruled.   A copy of the judgment upon which the action was based was set forth in the body of the petition.   There was no necessity for attaching a copy as an exhibit.

Perceiving no error in the record, the judgment is affirmed.

All the Justices concurring.