Tally v. Palmer.

---

No. 24,043.

Lenard T. Tally, *Appellant,* v. J. M. Palmer et al., *Appellees.*

### SYLLABUS BY THE COURT.

Proceeds of Exempt Property—*Cannot Be Reached by Creditor.* A judgment against a defendant for the value of plaintiff's exempt property cannot be offset by a debt owing from him to the defendant. (*Treat v. Wilson,* 65 Kan. 729, 70 Pac. 893.)

Appeal from Douglas district court; Hugh Means, judge.   Opinion filed December 9, 1922.   Reversed.

*R. E. Melvin,* and *George K. Melvin,* both of Lawrence, for the appellant. *J. B. Wilson,* and *A. C. Wilson,* both of Lawrence, for the appellees.

The opinion of the court was delivered by

PORTER, J.: Plaintiff sued for the conversion of exempt property, alleging that its value was $650. J. M. Palmer, one of several defendants, alleged in his answer, by way of cross-petition, that plaintiff was indebted to him in the sum of $1,113 and asked judgment against plaintiff for that amount. Issues were joined, there was a trial which resulted in a general verdict for defendants; but in answer to special questions the jury found that plaintiff owned the property, that its value was $310, and that defendant, J. M. Palmer, was entitled to recover the same amount from plaintiff. A motion to set aside the general verdict and for judgment in plaintiff's favor was overruled, and he appeals.

A judgment against a defendant for the value of plaintiff's exempt property cannot be offset by a debt owing from him to the defendant. (*Treat v. Wilson,* 65 Kan. 729, 70 Pac. 893.) In that case it is said:

"The judgment recovered by plaintiff was for the value of this exempt property. The judgment so obtained stands in the place of the property and is exempt to plaintiff. As defendant could not have seized the horses exempt to plaintiff on execution issued for the enforcement of his judgment, if they had remained unsold, because they were exempt, he cannot, by way of set-off in this action, or other legal proceeding, seize and apply the judgment obtained by plaintiff as the owner of such exempt property. (p. 733.)

It is well settled that the proceeds of exempt property are exempt to the debtor for a reasonable time to enable him, if he see fit, to invest the money in other exempt property. (*Bank v. Moore,* 111 Kan. 344, 206 Pac. 907; *Continental Ins. Co. v. Daly, Adm'x,* 33 Kan. 601, 608, 76 Pac. 158; *Treat v. Wilson,* supra, *Millinery Co. v. Round,* 106 Kan. 146, 149, 150, 186 Pac. 979.)

The defendants concede that if this were the only question in the case the judgment must be reversed, but insist that where the owner of exempt property sues for its value instead of for a return of the property, he thereby elects to sell the property to the defendant. In replevin, as in conversion, plaintiff must recover solely on the ground that the property taken is exempt. If defendants' theory were correct the exemption law could readily be defeated in every case in which the specific property could not be returned. A replevin action may always proceed as one in conversion where the property itself cannot be recovered; and the plaintiff may be compelled to sue in conversion because of his inability to give the bond

required in replevin. We think the defendant is in no position to gain any advantage by the choice of remedies chosen by the plaintiff. It is true, a debtor may always sell his exempt property in satisfaction of a debt, but he cannot be compelled to sell it for that purpose, nor will he be held to have intended so to do merely because he prefers to have the value rather than the return of the specific property when it has been taken from him unlawfully.

It follows that the judgment is reversed and the cause remanded with directions to render judgment for plaintiff.