**FARMERS STATE BANK OF NEWKIRK v. HESS.**

No. 17223—Opinion Filed Oct. 5. 1926.

Rehearing Denied Dec. 14, 1926.

**1. Homestead—Exemption of Proceeds of Sale.**

The proceeds from a volunteer sale of the homestead. which the grantors in good faith intended at the time of the sale to be invested in another homestead, are exempt from seizure by process of garnishment for debts not w'thin the exceptions provided by article 12 of the Constitution.

**2. Same—Judgment Exempting Proceeds from Garnishment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of intervener, Mary A. Hess.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Kay County; Claude Duval, Judge.

Action by Farmers State Bank of Newkirk against N. C. Hess for debt. Garnishment against grantee of Ed. Hess and wife for proceeds from the sale of real estate. Mary Hess intervened in the cause for judgment, setting up the homestead status and claimed the proceeds from the sale. Judgment for intervener. The plaintiff bank brings error. Affirmed.

H. S. Burke and J. H. Hill, for plaintiff in error.

G. A. Chappell, for defendant in error.

Opinion by STEPHENSON, C. The Farmers State Bank of Newkirk, Okla., commenced its action for debt on a promissory note, and to recover overdraft against N. C. Hess. A garnishment was run against the proceeds from the sale of the land described in the deed. The trial of the cause resulted in judgment in favor of the plaintiff for debt and sustaining the garnishment. Mary A. Hess, the wife of the defendant, intervened in the cause six days after judgment, and asserted that the proceeds from the sale of the land were exempt, as it was the homestead of the grantors. The intervener alleged that it was the intention, at the time of making the sale of the property, to reinvest the proceeds in another homestead. The plaintiff joined issue with the intervener on the question of the exemption. The intervener testified in the trial of the cause that it was the intention of the grantors at the time of selling the land to reinvest the proceeds therefrom in another homestead.

At most there is a conflict between the parties on the question. There is sufficient testimony to support the judgment of the court in favor of the intervener. While the plaintiff in error assigns error in permitting the wife to intervene in the cause six days after the rendition of judgment, the question is not argued in the brief, and authorities are not cited to support the contention. The wife was not a party to the garnishment proceedings, and was not bound by the judgment. She had a right to set up her homestead exemption when notice of the attachment came to her attention. Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681.

The homestead exemption created by article 12 of our Constitution extends to the proceeds from a volunteer sale of the homestead, if it was the intention of the grantors at the time of making the sale to reinvest the proceeds in another homestead.

Field v. Goat, 70 Okla. 113, 173 Pac. 364. It is not material whether the title of the homestead was in the wife or the husband. Pettis v. Johnston, supra.

The question involved in the trial of this cause was mainly one of fact for determination by the court from the evidence introduced in the trial. The intervener testified that the land was purchased from proceeds from the sale of the land owned and sold by her. The title at one time was in the intervener, but was later conveyed to the husband, and remained in him at the time of the sale involved in this action. The intervener testified unequivocally that it was the intention of the grantors to reinvest the proceeds from this sale in another homestead. The court found the issue in favor of the intervener.

There is sufficient competent testimony to support the judgment, which is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 29 C. J. p. 836, §124; anno. 1 A. L. R. 483; 13 R. C. L. p. 584; 3 R. C. L. Supp. p. 63. (2) 4 C. J. p. 1129, §3122.