## BOGARDUS v. SALTER et al.

No. 17412     Opinion Filed Sept. 20, 1927.

(Syllabus.)

1. Exemptions—Proceeds of Exempt Personal Property.

The proceeds of exempt personal property are exempt to the debtor for a reasonable time, to enable him to invest the money in other like exempt personal property, when it is shown that such was the intention.

2. Appeal and Error—Necessity of Setting Forth Evidence Excluded—Testimony of Married Woman in Action in Which Husband is Party.

A married woman, as a general rule, is incompetent to testify in an action to which her husband is a party, and on an announcement by the court that she is incompetent, counsel should state what it is that is proposed to prove by her. Otherwise, the appellate court cannot say that the matter concerning which it is proposed to have her testify was material, and, if material, whether she was competent to testify in regard to it or not.

3. Exemptions—Proceeds of Exempt Personal Property—Exemption not Destroyed by Expenditure of Part of Fund.

The use by the debtor of a portion of the proceeds of the sale of his exempt personal property to pay debts and to maintain his family does not destroy his right to exemption in the balance.

Commissioners' Opinion, Division No. 2.

Error from District Court, Alfalfa County; Charles Swindall, Judge.

Action by Harriett Aleen Bogardus against

Frank A. Salter et al. From an order discharging garnishee and vacating injunction, plaintiff, judgment creditor, appeals. Affirmed.

Webster Wilder, for plaintiff in error.

Sturgis & Hill, for defendants in error.

HERR, C. Plaintiff in error will be referred to as plaintiff and the defendants in error as defendants, as the parties appeared in the trial court.

On the 1st day of March, 1926, in a case then pending in the district court of Alfalfa county, Okla., plaintiff obtained judgment against the defendant Frank A. Salter in the sum of $730.30. At the time this judgment was rendered, defendant Frank A. Salter was the owner of and operating a newspaper plant at Carmen, Okla. Shortly after the rendition of said judgment, the said defendant sold said newspaper plant and deposited the proceeds thereof in the name of his wife in the First National Bank of Carmen. Plaintiff sought to impound this fund by garnishment proceedings, and also brought suit in the nature of a creditors' bill against Frank A. Salter, Olive Salter, his wife and the First National Bank of Carmen, Okla., and obtained an order of injunction enjoining the withdrawal of the said fund from the bank pending the litigation.

Defendant Frank A. Salter filed a motion to discharge the garnishee, and also filed his motion to vacate the injunction on the ground that the money sought to be held by the plaintiff was exempt. At the trial, the cases were consolidated, and after full hearing the court sustained both motions. To reverse these orders, plaintiff appeals to this court.

The trial court made the following findings of fact:

"1. That the money deposited in the First National Bank of Carmen, by Frank A. Salter in the name of his wife, is the proceeds derived from the sale of a printing plant owned by Frank A. Salter, in the town of Carmen, Alfalfa county, Okla., and used by him in carrying on his business, trade or profession of operating and conducting a newspaper business and doing job printing in the town of Carmen, Okla.; and that he had been so engaged for a number of years.

"2 That at the time of the sale of said property he was engaged in operating said newspaper plant.

"3. That at the time of said sale he was a married man, living with his wife in Alfalfa county, Okla.

"4. That after said printing plant was

sold and the proceeds placed in the bank, they were placed there with the agreement and understanding between him and his wife, that they were to be invested in a like business at some other town or some other place that might be selected, and that he has been attempting to find a suitable location for engaging in the business of operating a newspaper and reinvest said money in the purchase of property of like kind and character, for the purpose of operating a newspaper plant; and that an unreasonable length of time has not expired within which to reinvest said funds."

These findings are supported by the evidence. It is contended by plaintiff, conceding these findings to be correct, that the money sought to be impounded is not exempt. This contention has already been decided by this court adversely to the plaintiff in the following cases: Field v. Goat, 70 Okla. 113, 173 Pac. 364; Farmers State Bank v. Hess, 120 Okla. 211, 251 Pac. 73.

In the case first above cited, the holding is as follows:

"The exemption of a homestead of the family, provided in article 12 of the Constitution, extends to the proceeds of a voluntary sale of such homestead which are in good faith intended, at the time of such sale, to be invested in another homestead, and such proceeds are exempt from seizure by process of garnishment for debts not within the exceptions provided in article 12 of the Constitution."

A like conclusion was arrived at in the case last above cited.

It is conceded by plaintiff that this rule is correct as applying to the proceeds arising from the sale of a homestead, but that a different rule applies as to the proceeds arising from the sale of exempt personal property.

We can conceive of no reason for making this distinction and counsel gives none. The Supreme Court of Michigan, in the case of Cullen v. Harris, 69 N. W. 78, says there is no reason for making such distinction. The Supreme Court of Kansas makes no such distinction, as will be seen by an examination of the following cases: Smith v. Gore, 23 Kan. 488; Tally v. Palmer (Kan.) 210 Pac. 1104. Neither does the Supreme Court of Oregon: Blackford v. Boak, 143 Pac. 1136. Some of the states hold that unless otherwise provided by statute, neither the proceeds arising from the sale of the homestead, nor from the sale of exempt personal property, are exempt even though it is the intention to immediately reinvest such proceeds in another homestead or other like exempt personal prop-

erty. Notably among the states so holding are Idaho, Texas, and Minnesota. We think, however, it may safely be said that, in most instances, states holding money arising from the sale of a homestead exempt also hold money arising from the sale of exempt personal property exempt.

Iowa seems to make the distinction contended for by plaintiff, but Iowa has a statute providing for exchange of homesteads, and further provides that upon such exchange the new homestead so acquired shall be exempt. The decisions of the Iowa court, holding the proceeds arising from the sale of a homestead exempt, are based on this statute. Except for this statute, no doubt, the Iowa courts would not make this distinction. See Schuttloffel v. Collins (Iowa) 67 N. W. 397.

It is conceded that the money sought to be impounded constituted the proceeds arising from the sale of a printing plant. This plant was exempt. Brummage v. Kenworthy, 27 Okla. 431, 112 Pac. 984.

The court found that it was the intention of the defendant, Frank A. Salter, to invest this fund in another printing plant, and that said fund was therefore exempt and not subject to garnishment. The court was correct in so holding.

It is contended by plaintiff that the court erred in refusing to permit Olive Salter, wife of defendant Frank A. Salter, to testify when offered as a witness on behalf of the plaintiff. The court held the witness incompetent under the statute.

Counsel, after the court had sustained objection as to the competency of the witness, made no offer as to what he expected to prove by this witness. We, therefore, cannot consider this assignment.

In the case of Hutchings v. Cobble, 30 Okla. 158, 120 Pac. 1013, this court holds:

"A married woman, as a general rule, is incompetent to testify in an action to which her husband is a party, and on an announcement by the court that she is incompetent, counsel should state what it is that is proposed to prove by her. Otherwise, the appellate court cannot say that the matter concerning which it is proposed to have her testify was material, and, if material, whether she was competent to testify in regard to it or not."

In vol. 3, C. J. 829, the following rule is announced:

"If a witness is generally incompetent to testify in the action, and the court announces that he is incompetent, counsel should state what it is proposed to prove, or the appellate court cannot say that the matter was material and, if material, whether the witness was competent to testify in regard to it."

The evidence discloses that the proceeds arising from the sale of this plant were deposited in the First National Bank of Carmen, Okla., in the name of Olive Salter, wife of defendant Frank A. Salter; that approximately $1,000 of such fund was withdrawn from the bank upon checks signed by Olive Salter. This was shown by the testimony of the cashier of the bank and also by testimony of defendant Frank A. Salter. The said defendant testified that the money withdrawn was used in paying other debts and in support of the family generally. The canceled checks were in the possession of Mrs. Salter. The plaintiff had caused to be issued a subpoena duces tecum and served upon Mrs. Salter commanding her to produce these canceled checks; she was offered by plaintiff as a witness; the court ruled, upon objections made by counsel for defendant, that she was not a competent witness. Counsel for plaintiff then announced that all he desired was the canceled checks without announcing or disclosing what such checks would prove or tend to prove. Such announcement does not disclose that she would have given any competent evidence on the issue before the court. The mere production of the checks would prove nothing. All that such checks could show would be that certain amounts had been withdrawn from the bank. The mere fact that a portion of the money had been withdrawn would not destroy defendant's right of exemption as to the balance.

In the case of Binzel v. Grogan (Wis.) 29 N. W. 895, the court said:

"The use by the debtor of a portion of the proceeds of the sale of his homestead to pay debts and maintain his family, does not destroy his right to the exemption of the balance."

Finding no error in the record, judgment of the trial court should be affirmed.

TEEHEE, JEFFREY, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 25 C. J. p. 83, §138; 11 R. C. L. 530. (2) 3 C. J. p. 830, §740; 40 Cyc p. 2210. (3) 25 C. J. p. 119, §205 (Anno.)