ALLEN v. CLAWSON et al.

No. 29243.   Oct. 22, 1940.

Rehearing Denied Dec. 17, 1940.

*108 P. 2d 121.*

Pryor & Sandlin, Don Wilbanks, and Marvin Balch (C. E. Wilson, of counsel), all of Holdenville, for plaintiff in error.

Anglin & Stephenson and O. S. Huser, all of Holdenville, for defendants in error.

WELCH, V. C. J. An execution against three judgment debtors was levied on personal property owned by them and five others. The property consisted generally of tools and apparatus used in and in connection with the operation of a printing plant and the publication of a newspaper.

This controversy arose upon motion to quash the levy, and concerns the claim of exemption rights asserted by the three judgment debtors, and claims of separate ownership and exemption rights asserted by five movants who were not judgment debtors. It was asserted in the motions to quash execution and release the property levied upon that the property was owned by the eight movants; that they were each heads of families; that the property levied upon consisted of tools and apparatus belonging to movants and used by them in their trade or profession, and that such property was exempt from execution under section 1642, O. S. 1931, 31 Okla. St. Ann. § 1.

Upon hearing, the movants introduced their evidence and testimony, there being no testimony offered by the plaintiff, the judgment creditor. At the hearing it was the position and contention of the eight movants that certain items of the property levied upon were owned separately or individually by one of the judgment debtors, and that all of the balance of the property was owned jointly by the eight movants as tenants in common and that all of such property was used by the owners thereof in their trade or profession. While the plaintiff, the judgment creditor, filed no response to the motion, it was the position and contention of the judgment creditor at the hearing that the property levied upon was owned by the firm or partnership, and that by reason of such ownership the individual movants were not entitled to an exemption claim as applied to the property levied upon. The trial court, however, found the issues generally in favor of the movants and sustained the motions and ordered the property involved released from the execution levy.

Upon this appeal the plaintiff asserts error and here insists that the property was owned by the firm or partnership, and therefore is not subject to the exemption claim.

No request was made of the trial court for any specific findings of fact. The general findings in favor of the movants constituted a finding for them on each material and controverted point. Leonard v. Tulsa Building & Loan Ass'n, 184 Okla. 558, 88 P. 2d 875; Duncan v. Calloway, 75 Okla. 125, 181 P. 939; Watashe v. Tiger, 88 Okla. 77, 211 P. 415; Blackstock Oil Co. v. Caston, 184 Okla. 489, 87 P. 2d 1087, and Noble v. Bodovitz, 175 Okla. 432, 52 P. 2d 1046.

The testimony discloses the manner in which one of the movants had individually acquired title to certain items of the property, and also discloses the manner, by purchase, inheritance, and conveyance, by which the eight movants had each acquired his individual interest in the remaining items of the property levied upon. There was no evidence that any of the property involved was ever purchased by or conveyed to the firm or partnership. Without stating the evidence in further detail we observe that it is sufficient to support a finding and conclusion that the property levied upon was owned by the eight movants individually and as tenants in common, and that title to the property was never acquired by the firm or partnership.

The plaintiff cites authorities by text and decision asserting that by the weight of authority individual members of a partnership may not assert individual exemption rights in property acquired and owned by the partnership, but we consider them not to

be in point here, in view of the contentions of the movants, the evidence offered, and the trial court's finding as above set out.

We have heretofore held that tools and apparatus individually owned by the head of a family and used in the trade or profession by a printer or publisher is exempt from execution by the statute. See Brummage v. Kenworthy, 27 Okla. 431, 112 P. 984, and Bogardus v. Salter, 127 Okla. 4, 259 P. 561.

In 25 C. J. page 87, par. 145, the rule is stated to be that a tenant in common is generally allowed to claim an exemption in his undivided interest in a chattel, and that by the weight of authority, although there is contrary authority, it makes no difference in the application of this rule that the property is of such a nature as to be incapable of division in kind. And in the same text, on page 88, the rule is stated to be that although an exemption is not allowed out of firm property, the fact that partners used their individual property in the business of the firm does not make it partnership property nor prevent them from claiming it exempt from seizure by partnership creditors.

The record discloses that at least some part, if not all, of the movants were associated together in the operation of the newspaper publishing business. It seems this court has not yet had occasion to pass on the exact question of whether a member of a partnership may claim such statutory exemptions in property acquired and owned by the firm itself. It may be, as asserted, that as to any property, the title to which was acquired and held by these publishers as a firm or partnership, the weight of authority would urge the conclusion that such a personal and individual exemption would not apply. We do not deem it necessary to determine that question in this action.

Here the movants contend for their individual acquisition of title and ownership of the specific items of property which they sought to release from the levy. Those contentions were sustained by sufficient evidence and were upheld by the general finding in their favor by the trial court. Such conclusion by the trial court, being thus supported by the evidence, and in no sense contrary to the evidence or against the weight thereof, should be affirmed, and under that well-recognized rule the judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, DAVISON, and NEFF, JJ., concur. CORN and HURST, JJ., absent.