## MITCHELL v. QUINTON.

No. 30135.    Sept. 16, 1941.

*116 P. 2d 995.*

Joseph D. Mitchell, of Pawhuska, for plaintiff in error.

Hamilton & Kane, of Pawhuska, for defendant in error.

BAYLESS, J. Joseph D. Mitchell appeals from a judgment of the district court of Osage county quieting title to real estate in Franklin Leo Quinton and denying Mitchell a judgment lien thereon.

The case was tried on stipulation of facts, and we summarize the facts: The particular 40 acres was the allotment of Franklin Quinton, Sr.; in 1913 he erected a house thereon, moved thereinto and resided there with his wife and children, as the head of the family, at all times thereafter; in 1921 Franklin Quinton, Sr., and his wife conveyed the 40 acres to Franklin Leo Quinton and Felix Antwine Quinton, their sons, in one-half interests each; in 1930 Felix died a minor, intestate, unmarried and without issue, and left as his sole heirs the father and mother; until August 13, 1939, Franklin Leo Quinton owned one-half, Franklin Quinton one-fourth, and Agnes R. Quinton one-fourth of the 40 acres; on February 10, 1938, Mitchell obtained a judgment for money against the father and mother, upon which he bases his claim of a lien; and, on August 13, 1939, the father and mother by quitclaim deed conveyed their interest in the 40 acres to Franklin Leo Quinton. He then filed an action to determine heirship and quiet title, and Mitchell is the only defendant who contested the action.

The only issue is one of law and that is whether the interests of the father and mother in the 40 acres could be claimed as exempt and unaffected by Mitchell's judgment as the family homestead. Quinton takes the position that all of the elements essential to permit the father, as head of the family, to claim the father's and mother's interests as the family homestead and to have it exempted from seizure or sale to satisfy Mitchell's judgment are present. Mitchell takes the position that the one-fourth interest of the father was exempt as a family homestead reserved to the head of the family, and was not affected by the judgment; but that the one-fourth owned by the mother could not be claimed as exempt because she was not the head of the family.

Mitchell cites article 12, Const. of Okla., sec. 1642, O. S. 1931, 31 O. S. A. § 1, and Allen v. Clawson, 188 Okla. 278, 108 P. 2d 121; Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Baker v. Grayson, 86 Okla. 159, 207 P. 301, and other cases to substantiate his statement:

"To affirm the decision of the lower court, this court will have to hold *that two separate homestead exemptions* for the benefit of *one family,* one by the husband as the head of the family, and one by the wife as the head of the family, therefore, *two separate homestead exemptions and two separate heads of a family, to the family,* instead of *one head* and *one homestead exemption to a family.* . . ."

Article 12, sec. 1, Const. of Okla., simply says:

"The homestead of any family in this state . . . (rural) shall consist of not more than one hundred and sixty acres . . . to be selected by the owner. . . ."

Section 2 of said article says:

"The homestead of the family shall be, . . . protected from forced sale. . . ."

In these we see no reference to individual ownership, headship of the family. It is the family homestead that is protected by the Constitution.

When we refer to the statute relied on by Mitchell, we find it says:

"The following property shall be reserved to the head of every family residing in the state exempt from . . . and every other species of forced sale for the payment of debts. . . .:

"First: The homestead of the family, which shall consist of the home of the family, whether the title to the same shall be lodged in or owned by the husband or wife. . . ."

The parties seem agreed that the precise issue under this statute has not been passed on by this court heretofore.

We think Mitchell misconstrues the language of the statute quoted. He says the exemption is to the head of the family (the father here), and since a mother cannot be the head of the family at the same time the father is, she cannot claim her property as exempt as a part of the family homestead.

But the statute says the head of the family (the father here) has the exemption whether the title be in him or in his wife. Therefore, he can claim the wife's property, which has been selected or designated as the homestead, as reserved to him as head of the family. Mitchell places all emphasis upon that part of the statute reading, "reserved to the head of every family," and entirely ignores the following language stating, "whether the title to the same shall be lodged in or owned by the husband or wife."

Although the court was considering section 3346, Comp. Stat. 1909, in Gooch v. Gooch, 38 Okla. 300, 133 P. 242, we think the language used in explaining the effect of article 12, Const. of Okla., and that statute is pertinent and explanatory here:

"Under these provisions, it seems to us clear that the homestead of the family may consist of more than one tract of land, and may be owned either by the husband or by the wife, or by both jointly, or one tract be owned by one and another tract owned by the other, so long as the aggregate number of acres occupied as the home shall not exceed 160 acres. The benefit of the homestead exemption was intended by these provisions to be vouched safe, not to the head of the family, but to the entire family, without regard to whether the husband or the wife is the owner of the title."

The constitutional (art. 12, supra) and statutory (section 1643, O. S. 1931, 31 O.S.A. § 2) definitions of and provisions for homestead use the term "The homestead of any family" and say nothing of the head of the family. The Constitution, art. 12, sec. 2, expressly exempts the family homestead from seizure and sale, with immaterial exceptions, and section 1642, O. S. 1931, 31 O. S. A. § 1, enables the head of the family to make the claim of exemption irrespective of who is the owner.

Therefore, Mitchell's contention that the wife's property could not have been a part of the family homestead and could not have been claimed as such by the husband, the head of the family, is without merit.

The judgment is affirmed.

WELCH, C. J., and GIBSON, HURST, and ARNOLD, JJ., concur.