**BIGLEY v. JONES, Collector of Internal Revenue, et al.**

**Civil Action No. 2346.**

District Court, W. D. Oklahoma.

Jan. 17, 1946.

M. W. McKenzie, of Oklahoma City, Okl., for plaintiff and defendant Local Federal Savings & Loan Ass'n.

Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., for defendants H. C. Jones, David C. Roberts, and the United States.

VAUGHT, District Judge.

The plaintiff seeks to enjoin the sale of her homestead for the payment of income taxes assessed against her husband. The record discloses the following facts.

The plaintiff and her husband, W. N. Bigley, were married in 1911. In November, 1916, they purchased the real estate involved, to-wit: Lots One (1) and Two (2) in Soper's Subdivision of the South Half (S½) of Block Ten (10) in Summer's Place Addition to Oklahoma City, Oklahoma, according to the recorded plat thereof, in Oklahoma County, State of Oklahoma, and have occupied the premises as their homestead up to the present time. In May, 1939, the Commissioner of Internal Revenue assessed additional income taxes against W. N. Bigley for the year 1934 in the sum of $7,032.71, together with interest in the amount of $1,754.23, making a total of $8,786.94. This assessment was duly scheduled on the

assessment list to the Collector of Internal Revenue for the District of Oklahoma and received by him about May 15, 1939. Notice of said tax lien was filed against W. N. Bigley with the Clerk of the United States District Court for the Western District of Oklahoma and with the County Clerk of Oklahoma County, State of Oklahoma, on November 29, 1939.

Shortly prior to May 9, 1945, H. C. Jones, Collector of Internal Revenue for the State of Oklahoma, issued a warrant for distraint and placed said warrant in the hands of David C. Roberts, Deputy Collector of Internal Revenue for the State of Oklahoma, for service for the purpose of levying upon property belonging to W. N. Bigley. On May 9, 1945, David C. Roberts, as deputy collector aforesaid, levied said warrant for distraint upon the above described property and notified said W. N. Bigley that he would offer for sale at public auction said property above described on June 16, 1945, at 10:00 o'clock A. M., and the said deputy collector intended to offer for sale and sell said property under said warrant for distraint on said date, but the sale was not had because of a temporary injunction granted by this court.

On April 26, 1926, said W. N. Bigley and Alma Bigley, his wife, the plaintiff herein, executed a mortgage upon said property hereinabove described to Gum Brothers Company, a corporation, to secure the payment of a note for $4,200, which mortgage was filed for record in the office of the County Clerk of Oklahoma County and said note and mortgage were assigned on June 2, 1926 to the Penn Mutual Life Insurance Company and said assignment was duly filed for record on June 23, 1926 in the office of the County Clerk of Oklahoma County.

On February 27, 1940, there remained unpaid on the note held by Penn Mutual Life Insurance Company a balance on the principal and interest of $2,492.83, and on said date, February 27, 1940, Alma Bigley and W. N. Bigley, her husband, executed a mortgage to the defendant Local Federal Savings and Loan Association of Oklahoma City to secure a note in the sum of $3,000, with interest thereon at the rate of seven per cent. from date, said loan having been secured for the purpose of paying the balance due on the note to Penn Mutual Life Insurance Company. One of the conditions of said loan was that the

ad valorem taxes past due upon the property in the sum of $116 should be paid and certain repairs should be made upon the property at a cost of $140. The defendant building and loan company therefore paid to Penn Mutual Life Insurance Company the sum of $2,492.83, ad valorem taxes of $116, and $140 for repairs on the building, or a total of $2,748.83, and paid the balance of $251.17 to the plaintiff and her husband. Upon the payment of the balance due to Penn Mutual Life Insurance Company, the mortgage held by it was released.

The three questions presented in this case are: First, is the homestead of the plaintiff exempt from sale under a distraint warrant by the collector of internal revenue for unpaid income taxes due from her husband? Second, is relief by injunction a proper procedure in view of Sections 272(a), 871(a), 1012(a), and Section 3653 of the Internal Revenue Code, 26 U.S.C.A., which section prohibits the maintenance of a suit in any court for the purpose of restraining the assessment and collection of any federal tax? Third, if the property is subject to sale for the husband's taxes, does the mortgage of the defendant building and loan company constitute a prior lien to the lien asserted by the government for income taxes?

■ Numerous decisions in federal courts on these questions have been cited, some of which are more or less conflicting. The cases cited from the Fifth Circuit apparently support the contention of the government. However, this court should follow the law as declared by the Tenth Circuit Court of Appeals, if the law so declared is clear and unambiguous. Fortunately, the Tenth Circuit Court has passed upon all three questions.

In Jones v. Kemp et al., 144 F.2d 478, 480, in a case from this court, decided July 5, 1944, the Tenth Circuit Court said:

"The Federal statutes grant a lien in favor of the United States 'upon all property and rights to property' belonging to any person for unpaid delinquent Federal tax. Sec. 3670, Internal Revenue Code, 26 U.S.C.A. And the Collector of Internal Revenue or his deputy is authorized to enforce the collection of the delinquent and unpaid taxes by levying upon 'all property and rights to property' except those specifically exempt by Federal statute. Sections 3690 and 3692, Internal Revenue

Code, 26 U.S.C.A. Homesteads are not specifically exempt (Sec. 3691, Internal Revenue Code, 26 U.S.C.A.), and the collector is not required to recognize or respect state notions of homestead exemptions in his search for property or property rights of a delinquent taxpayer to satisfy his tax liability. Kieferdorf v. Commissioner, 9 Cir., 142 F.2d 723; Staley v. Vaughn, Tex.Civ.App., 50 S.W. 2d 907; Shambaugh v. Scofield, 5 Cir., 132 F.2d 345; Cannon v. Nicholas, 10 Cir., 80 F.2d 934. Cf. Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410; United States v. Pelzer, 312 U.S. 399, 402, 403, 61 S.Ct. 659, 85 L.Ed. 913; State of Michigan v. United States, 317 U.S. 338, 63 S.Ct. 302, 87 L.Ed. 312; Fink v. O'Neil, 106 U.S. 272, 1 S.Ct. 325, 27 L.Ed. 196. He must however look to the state homestead law for the purpose of determining, according to its tenor, whether a property right is granted thereby to the wife for the purpose of ascertaining whether the property he seeks to subject to the satisfaction of his tax lien is the property of the taxpayer or his wife. Cannon v. Nicholas, supra. See also Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239. Cf. Seymour v. Wildgen, 10 Cir., 137 F.2d 160; United States ex rel. v. Powelson, 319 U.S. 266, 279, 63 S.Ct. 1047, 87 L.Ed. 1390.

"The homestead right is a creature of the Constitution and statutes of Oklahoma. Although not an estate, it is a special and peculiar interest in land belonging to the husband and wife jointly and indivisibly— neither may be divested of his or her interest therein without the consent of both. Gooch v. Gooch, 38 Okl. 300, 133 P. 242, 47 L.R.A.,N.S., 480; Pettis v. Johnston, 78 Okl. 277, 190 P. 681; Mercer v. McKeel, 188 Okl. 280, 108 P.2d 138; Oklahoma State Bank v. Van Hassel, 189 Okl. 48, 114 P.2d 912; Mitchell v. Quinton, 189 Okl. 329, 116 P.2d 995; Glaze v. Drawver, 189 Okl. 402, 117 P.2d 544. It follows therefore that a wife is granted an indivisible and vested interest in homestead property, and one which cannot be subjected to levy and sale for the satisfaction of the Federal tax liability of her husband.

"With certain enumerated exceptions (Secs. 272(a), 871(a), 1012(a), Sec. 3653 of the Internal Revenue Code prohibits the maintenance of a suit in any court for the purpose of restraining the assessment and collection of any Federal tax. However judicial exceptions have been allowed to the sweep of the statute where the assessment was in reality in the nature of punishment, or where extraordinary circumstances were presented. See Burke v. Mingori, 10 Cir., 128 F.2d 996. And it has been held that the statute was not intended to oust the courts of jurisdiction to entertain a suit by a third party to restrain the collector from levying on property belonging to the third party to satisfy the tax liability of another. Long v. Rasmussen, D.C., 281 F. 236; Rothensies v. Ullman, 3 Cir., 110 F.2d 590; Tomlinson v. Smith, 7 Cir., 128 F.2d 808."

It will be noted in the opinion cited that the court said: "It follows therefore that a wife is granted an indivisible and vested interest in homestead property, and one which cannot be subjected to levy and sale for the satisfaction of the Federal tax liability of her husband." And also in the same opinion, as to the question of whether or not an injunction is proper relief, the court said: "And it has been held that the statute was not intended to oust the courts of jurisdiction to entertain a suit by a third party to restrain the collector from levying on property belonging to the third party to satisfy the tax liability of another."

It is clear that under this decision the property right of the wife, which is determined by the law of the state, is not subject to sale by the commissioner for the payment of income taxes due the government from her husband and that injunctive relief is proper.

In view, therefore, of this conclusion it is not necessary to answer the third question as to whether or not the lien of the building and loan company is prior to the lien of the government. However, that question may as well be determined. Under the uncontradicted evidence, the loan was made by the building and loan company for the purpose of discharging the loan to Penn Mutual Life Insurance Company, and under Ingram v. Jones, 47 F.2d 135, also decided by the Tenth Circuit, the defendant building and loan company would be subrogated to the rights of Penn Mutual Life Insurance Company under its mortgage for the amount remaining unpaid on the original mortgage, or $2,492.83, and this court so holds.

392

The temporary injunction will be made permanent. Findings of fact, conclusions of law and a form of judgment consistent with this opinion may be submitted within ten days from this date.