**C & R INVESTMENTS, INC., a Kansas Corporation, Plaintiff,**

v.

**G. F. KOEHLER, District Director of Internal Revenue, Wichita, Kansas, Defendant.**

**No. KC–1561.**

United States District Court
D. Kansas.

Nov. 22, 1961.

**132**

Carl V. Rice, Claude L. Rice, Jr., and Thad. E. Nugent, Rice & Groner, Kansas City, Kan., for plaintiff.

Newell A. George, U. S. Atty., Kansas City, Kan., Louis F. Oberdorfer, Asst. Atty. Gen., Richard M. Roberts and Robert L. Handros, Dept. of Justice, Washington, D. C., for defendant.

ARTHUR J. STANLEY, Jr., District Judge.

This is an action to enjoin the District Director of Internal Revenue from collection of corporate income taxes. At a hearing on plaintiff's motion for a preliminary injunction and defendant's motion to dismiss, the parties stipulated as to the facts and agreed that the court should dispose of the case as upon cross-motions for summary judgment.

The Director claims that C & R Investments, Inc., hereinafter called C & R, owes $18,000 in unpaid taxes for the year 1954. The jurisdiction of this court is challenged by the Director under § 7421(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7421(a).

This section prohibits suits to restrain the collection of taxes except in certain circumstances, not important here. Public policy requires prompt payment of taxes. A taxpayer, desiring to challenge the legality of a tax, may pay it under protest and bring suit for refund. See Adler v. Nicholas, 166 F.2d 674 (10th Cir. 1948).

There are situations, however, in which the taxpayer's remedy of suit for refund is wholly inadequate. In these extreme situations, the courts have granted injunctions despite the prohibition expressed in § 7421(a). C & R contends that special and extraordinary circumstances render inapplicable to this case the bar of the statute.

Injunctive relief will lie where special and extraordinary circumstances exist. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932). Extraordinary circumstances exist in those situations where irreparable damage will result from assessment

or collection of the tax. Irreparable damage has a narrow meaning in this exception. Mere hardship in raising money to pay taxes is not enough. Lloyd v. Patterson, 242 F.2d 742 (5th Cir. 1957) (per curiam). The seizure and sale of property must threaten financial ruin to the taxpayer before irreparable damage can be said to exist. See John M. Hirst & Co. v. Gentsch, 133 F.2d 247 (6th Cir. 1943); Midwest Haulers, Inc. v. Brady, 128 F.2d 496 (6th Cir. 1942). In the latter two cases, liquidation of all of the taxpayer's assets would have been required to pay the taxes. C & R does not claim any such consequence from the collection of the $18,000.

C & R does claim mistakes and unauthorized procedures on the part of certain District Directors. Erroneous application of payment by one Director or the other might in some cases contribute toward the creation of "extraordinary circumstances."

In this case, the action of the defendant in crediting the $18,000 to plaintiff's 1954 tax liability was inaugurated by the plaintiff itself. Its direction to the Director at Wichita was unauthorized since Regulations 129, § 24.16(a), deprived plaintiff of the right to direct the application of the payment.

Injunctive relief will also lie where the property of one not the taxpayer is sought to pay a taxpayer's debt. Rothensies v. Ullman, 110 F.2d 590 (3d Cir. 1940); Adler v. Nicholas, supra; Jones v. Kemp, 144 F.2d 478 (10th Cir. 1944); Campbell v. Bagley, 276 F.2d 28 (5th Cir. 1960).

These cases are not applicable here. The Director simply claims that C & R owes taxes for 1954. C & R cannot bring itself within the "non-taxpayer" exception by merely claiming it does not owe the tax.

I conclude as matters of law that:

1. The undisputed facts do not show such special or extraordinary circumstances as to render § 7421(a) inapplicable.

2. The undisputed facts establish that the plaintiff is not a non-taxpayer charged with a tax due from another.

3. This court does not have jurisdiction of this case.

The plaintiff's motion for summary judgment will be denied. The defendant's motion for summary judgment will be granted.

Counsel for defendant will prepare Findings of Fact (in accordance with the stipulations of the parties at the hearing) and Conclusions of Law (in accordance with this Opinion), and an appropriate order.