**In re Jay D. JONES, Debtor.**

**Jay D. JONES, Plaintiff,**

**v.**

**PRODUCTION SERVICES, INC., Otis Engineering, Inc. and Wilson Industries, Inc., Defendants.**

**Bankruptcy No. BK–79–01893. Adv. No. 80–0089.**

United States Bankruptcy Court, W. D. Oklahoma.

March 1, 1982.

John T. Edwards, Oklahoma City, Okl., for plaintiff, Jay D. Jones.

John R. Couch and Gerald P. Green, Oklahoma City, Okl., for Wilson Industries, Inc.

Alex Cheek and Noma D. Durich, Oklahoma City, Okl., for Otis Engineering, Inc.

## MEMORANDUM ORDER

ROBERT L. BERRY, Bankruptcy Judge.

This matter is before the Court on Defendant Otis Engineering, Inc.'s motion to certify a question of law to the Supreme Court of Oklahoma prior to trial. Such certification is permitted by Oklahoma law under 20 Okl.Stat.Ann. § 1602 which provides:

"The Supreme Court and the Court of Criminal Appeals respectively may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court, or the highest appellate court or the intermediate, appellate court of any other state, when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court or Court of Criminal Appeals of this state."

In his main cause of action Plaintiff alleges that Defendant Otis is liable for damages to an oil well caused by Otis' negligent performance of certain services thereon. In the first trial of this action to a jury, which resulted in a mistrial, Otis sought to introduce by way of defense certain exculpatory clauses contained in service orders and work tickets. Plaintiff moved in limine to prohibit the introduction of this evidence and this Court sustained Plaintiff's motion. Otis now requests this Court to reconsider its order sustaining Plaintiff's motion in limine and to certify the following question of law to the Supreme Court of Oklahoma:

"Are the terms and conditions contained in the field tickets of oil field service companies in general, and Otis Engineering, Inc., and Wilson Industries, Inc., in particular, valid and enforceable against the customer (owner or operator) insofar as those terms and conditions relieve the oil field service companies of liability for ordinary negligence?"

In *Mohawk Drilling Company v. McCullough Tool Company*, 271 F.2d 627 (10th Cir. 1959), our U.S. Court of Appeals considered a similar question, saying:

"It was the general practice of McCullough and the other companies furnishing the specialized service involved in the instant case to require the signing of a work order or other document containing an exculpatory clause like the one included in the instant case. Unless the well owner was willing to sign such a clause he could not obtain the specialized service.

"Here, the bargaining powers of the parties were not equal. McCullough enjoyed much greater bargaining strength than did Mohawk.

"The adjudicated cases generally hold that a clause undertaking to exculpate a party from his own negligence will not be sustained where he enjoys a bargaining power superior to that of the other party to the contract.

"Such clauses are strictly construed and will not be interpreted to include exemption from negligence, unless an intent so to do is shown by clear, definite and unambiguous language.

"Moreover, we are of the opinion that the Supreme Court of Oklahoma would hold a contract attempting to exculpate McCullough from its own negligence, under the circumstances of the instant case, to be contrary to public policy.

"In a recent case, *Sinclair Refining Co. v. Lang*, decided December 17, 1957, and reported in 28 Oklahoma Bar Journal, 1802, the Supreme Court of Oklahoma, in an opinion later withdrawn in conformity with that court's practice to withdraw opinions where the plaintiff in error dismisses the appeal, said:

\* \* \* \* \* \*

' \* \* \* We cannot subscribe to the doctrine of exemption by contract against one's own negligence, or approve a public policy which would tend to induce a want of care for the safety of those who by contract, as in the

instant case, are required to use equipment furnished by defendant which when furnished was so negligently installed as to constitute a dangerous instrumentality; which, due to certain hidden defects hereinbefore described, and resulting from the defendant's negligent installation of the equipment, subjected the plaintiff (operator) to personal injuries.

'In accordance with the rule of strict construction, public policy and the trend of modern decision toward further limitations on the general rule which allows contractual exemption from liability for negligence, we hold that under the facts and circumstances in this case the exculpatory clause in the contract was ineffective to exempt Sinclair from liability for damages for personal injuries caused by its admitted negligence'

"While the opinion never became the official opinion of the court, we think we are fully justified in giving it consideration in our effort to ascertain the law of Oklahoma with respect to exculpatory contracts."

In *Trumbower v. Sports Car Club of America, Inc.*, 428 F.Supp. 1113 (W.D.Okl. 1976) our District Court said:

"In order for an exculpatory clause to be enforceable three conditions must be met: 1) an intent to excuse one party from the consequences of his own negligence must be expressed in clear definite and unambiguous language; 2) the contract must have been made at arm's length with no vast disparity of bargaining power between the parties; 3) the exculpation must not be against public policy in the circumstances of the case. *Sterner Aero AB v. Page Airmotive, Inc., 499 F.2d 709* (Tenth Cir. 1974); *Colorado Milling & Elevator Co. v. Chicago, R.I. & P.R. Co., 382 F.2d 834* (Tenth Cir. 1967); *Mohawk Drilling Company v. McCullough Tool Company, supra.*"

It was in reliance on the above cited authorities that this Court sustained Plaintiff's motion in limine. Otis now contends, however, that this Court should not be bound by the Tenth Circuit's decision in *Mohawk* because of the consideration given by the Tenth Circuit to the Oklahoma Supreme Court's opinion in *Sinclair* which was withdrawn. This Court does not agree.

The Tenth Circuit was well aware that the *Sinclair* opinion had been withdrawn by the Oklahoma Supreme Court and so stated in its opinion. Moreover, regardless of what the Tenth Circuit considered in making its decision in *Mohawk* this Court is bound by the Tenth Circuit's ruling.

 Otis also states that exculpatory clauses of this nature found in other oil field service company field tickets or work orders have been upheld by other circuit courts of appeal. This, however, is irrelevant. As stated in 32 Am.Jur.2d, Federal Practice and Procedure, § 415:

"A ruling, determination, or decision of a Court of Appeals is binding upon a District Court within the circuit until reversed or overruled, and this is so in spite of a conflict among the circuits or although there are contrary decisions in other circuits. In fact, a District Court must follow decisions of the Court of Appeals for the circuit in which it sits where they are in conflict with the cases from Courts of Appeals in other circuits. The conclusions of a Court of Appeals when they deal with a subject matter that is judicially before a District Court in the same circuit cannot be disregarded. The dictum of a Court of Appeals, unless repudiated by such Court, must be accorded great weight by a District Court located within the same circuit."

See also *Bigley v. Jones*, 64 F.Supp. 389 (W.D.Okl.1946).

 As to the certification issue, it is Otis' position that notwithstanding the case authority on point from the federal courts in this jurisdiction, this Court should certify the question to the Oklahoma Supreme Court because there is no case authority from the Oklahoma state courts on point. In *Lee v. Frozen Food Express, Inc.*, 592 F.2d 271 (5th Cir. 1979), the 5th Circuit

Court of Appeals was faced with a similar problem regarding a requested certification of a question of Louisiana state law which had been previously decided by the 5th Circuit Court but was not settled under Louisiana state law. The court ruled:

"Regardless of any ambiguity the plaintiffs may find in Louisiana cases to justify such a certification, there is no ambiguity as to this Court's view of Louisiana law because the legal issue has been squarely resolved against plaintiffs' precise arguments by two recent Fifth Circuit decisions. . . . [citations omitted] . . . Once a panel of this Court has settled on the state law to be applied in a diversity case, the precedent should be followed by other panels without regard to any alleged existing confusion in state law, absent a subsequent state court decision or statutory amendment which makes this Court's decision clearly wrong.

"We deny plaintiffs' request to certify to the state court for two reasons: first, the analysis in our prior decisions appears to us to be correct; and second, this panel of the Court is bound by the decisions of prior panels."

This Court agrees with the reasoning of the 5th Circuit Court of Appeals.

It is the opinion of this Court that the Motion of Defendant Otis Engineering, Inc., to Reconsider Order of January 13, 1982, and Requesting Certification of Question of Law should be overruled and denied.

IT IS SO ORDERED.